■ In the Matter of ROCCO P. BARBARITO, Appellant, v. ROBERT MOSES, as Chairman of the Triborough Bridge & Tunnel Authority, et al., Respondents. — Order entered September 19, 1967, dismissing petition to review a determination of the New York City Civil Service Commission which affirmed petitioner's discharge as an employee of Triborough Bridge and Tunnel Authority, affirmed, without costs or disbursements, but, in the interests of justice and in the exercise of discretion, without prejudice to an application at Special Term on proper papers, within 20 days after service of a copy of the order herein with notice of entry, for leave to serve an amended petition. We agree with the holding at Special Term that petitioner, by appealing from his dismissal to respondent commission, elected his remedy and was foreclosed from seeking judicial review if his dismissal was not "purely arbitrary" (Civil Service Law, § 76; *Matter of Taylor* v. *New York City Tr. Auth.*, 25 A D 2d 682). The limited nature of judicial review demands that a petitioner allege matter indicating "purely arbitrary" action. The punishment of dismissal visited upon petitioner upon the finding of "negligent registration of tolls" is not on its face so disproportionate to the offense as to warrant a conclusion that it was "purely arbitrary". A finding of guilt on that

specification, in the absence of allegations as to other circumstances, may reasonably sustain a determination of complete and utter incompetence to hold the position from which petitioner was separated. However, petitioner may be able to allege and demonstrate, from the record, that the availability of other alternative punishments rendered a dismissal a "purely arbitrary" disposition. Petitioner is therefore given an opportunity to apply for leave to plead properly, if he can. (*Cushman & Wakefield* v. *John David, Inc.*, 23 A. D 2d 827, 25 A D 2d 133; *Andlou Props.* v. *Grayck*, 24 A D 2d 716; *Cyg-Knit Mills* v. *Denton Sleeping Garment Mills*, 26 A D 2d 800; CPLR 3211, subd. [e]). Concur — Eager, J. P., Markewich, McNally and Bastow, JJ.; Rabin, J., deceased.