In the Matter of ROBERT TRABER, Respondent, v. SAMUEL FEINSTEIN, as Director of West Seneca State School, Appellant.— Judgment unanimously reversed, determination confirmed and petition dismissed, all without costs. Memorandum: Petitioner was first employed by respondent director of West Seneca State School on September 19, 1968 and was assigned to work in Ward Six, a special, low I.Q. group of patients with serious physical and mental handicaps, needing elemental assistance. Within less than two years, on May 22, 1970 he was suspended on the charge of mistreatment of patients, and after a hearing the hearing officer found him guilty of striking a patient and improperly positioning a patient for feeding so as to cause him to choke. Petitioner's guilt of such misconduct is not challenged in this proceeding. In his report the hearing officer recommended that a fine of $50 be imposed upon petitioner. Respondent director reviewed the report and concluded, "I cannot in conscience impose a lesser penalty than dismissal when abuse of a resident is involved. It is impossible to give proper care to helpless and dependent people if abuse is tolerated", and he dismissed petitioner. Special Term determined that this constituted unreasonable and excessive punishment. Upon this record we find that respondent's action was supported in fact and was neither arbitrary nor capricious. By no means does it shock the conscience of the court, but, instead, it appears to be a reasonable determination in the best interests of the administration of the school. Special Term erred in annulling that determination and imposing only the fine recommended by the hearing officer. (Appeal from judgment of Erie Special Term reinstating petitioner, in an article 78 proceeding.) Present — Marsh, J. P., Witmer, Moule, Cardamone and Henry, JJ.

In the Matter of MARY D. G., Appellant, v. ARNESTO C., Respondent.— Order unanimously reversed and a new trial granted, with costs to appellant to abide the event. Memorandum: The petition having been dismissed, appellant is entitled to have the evidence considered in its most favorable aspect (see Bodlovich v. Carucci, 38 A D 2d 699) and, since petitioner's evidence was sufficient, as a matter of law, to establish a prima facie case, it was error to dismiss the petition before the respondent had rested, and a new trial should be had. Whether or not the court upon a retrial will adhere to its original decision after hearing the respondent or any witnesses he may choose to call is a matter for the court as the trier of the fact to determine (Matter of Conway v. Crosby, 272 App. Div. 868). (Appeal from order of Monroe County Family Court dismissing petition in paternity proceeding.) Present — Marsh, J. P., Witmer, Gabrielli, Cardamone and Henry, JJ.