■ In the Matter of WILLIAM S. HAWTHORNE, as Deputy Commissioner of Social Services, Appellant v WILLIAM DE BOTH, Respondent.—Order unanimously reversed, on the law and facts, with costs, and a new trial granted before another Judge. Memorandum: An order of filiation previously granted herein was reversed by us on July 6, 1973, (42 AD2d 827) and a new trial granted in a memorandum in which, among other things, we directed (p 828) that petitioner must supply corroborating evidence that the complainant "was with respondent near the time of the conception". Upon the retrial plaintiff produced two witnesses whose testimony, if believed, supplied corroboration that respondent was having dates with complainant during the time of conception, and that she dated no other man during this period. Such evidence established a prima facie case, and it was error for the court to grant respondent's motion for nonsuit and dismissal of the petition before respondent either testified or rested (Matter of "Z" v "AA", 367 NYS2d 344; Matter of D. G. v C., 39 AD2d 643; Erie County Bd. of Soc. Welfare v Truesdale, 15 AD2d 862). On this appeal petitioner is entitled to the most favorable inferences which the trier of the facts can draw from the evidence, and in such light petitioner would be entitled to an order of filiation against respondent. (Appeal from order of Erie County Family Court in paternity proceeding.) Present—Marsh, P. J., Moule, Mahoney, Del Vecchio and Witmer, JJ.

■ EUGENE GOSPER, Respondent, v E. R. FANCHER et al., Appellants.— Judgment unanimously modified, on the law, to reverse the award of damages and a new trial granted on that issue and otherwise judgment affirmed, without costs. Memorandum: In 1965 plaintiff, a fireman employed by the Erie Lackawanna Railroad Company, was discharged on two grounds. He initiated grievance procedures through defendant union which acted in bad faith and violated its duty of fair representation by handling plaintiff's grievance in a perfunctory manner (Vaca v Sipes, 386 US 171; Scott v Anchor Motor Freight, 496 F2d 276, cert den 419 US 868). He then brought this action for damages against his union. Upon the trial the jury was erroneously charged that the difference between plaintiff's prior fireman's income and his reduced income after termination was a proper measure of damages. The union, however, was only liable for loss of employment damages "to the extent that its refusal to handle the grievances added to the difficulty and expense of collecting from the employer" (Czosek v O'Mara, 397 US 25, 29; Schum v South Buffalo Ry. Co., 496 F2d 328). Because plaintiff has not established any compensable damages within this rule of Federal labor law we are, therefore, constrained to reverse and grant a new trial on the issue of damages only. (Appeal from judgment of Erie Trial Term in action for damages for processing of grievance.) Present— Marsh, P. J., Moule, Mahoney, Del Vecchio and Witmer, JJ.