■ In the Matter of EUGENE S. MERRIMAN, Petitioner, v NEW YORK STATE DEPARTMENT OF MENTAL HYGIENE et al., Respondents.—Determination unanimously confirmed, without costs. Memorandum: Petitioner seeks to review a determination of the Acting Director of the Rome State School for the mentally and physically retarded which dismissed him from his position as Therapy Aide. Petitioner was charged with physical abuse of incompetent residents of the Rome State School in five particular instances. Following a hearing at which testimony was presented in support of the charges, the hearing officer found petitioner guilty of Charges I, III, IV and V and recommended that he be suspended without pay for a period of two months. Dr. Buchholtz, the Acting Director of the Rome State School, did not accept the hearing officer's recommendation with respect to the penalty imposed, but found, "Further, the specifications of which you were found guilty relate to examples of resident abuse motivated by pure malevolence and malice which negate the possibility of you ever working with defenseless persons." He terminated petitioner's employment effective April 3, 1974. At the hearing Robert Cooke, a trooper with the New York State Police, testified that he worked undercover as a ward aide at the Rome State School for three months commencing in February, 1973. He was introduced to petitioner, Eugene Merriman, when he commenced working on Ward 184, Building 18. On February 2, 1973 he observed William Caldwell, a patient, sitting on the floor of the day room in Ward 184, Building 18 screaming with a very hoarse voice. Petitioner walked over to Caldwell and struck him with his fist in the forehead with sufficient force to snap his head back. On February 11, 1973 a patient named George Palamaro was sitting in a rocking chair in the day room of Ward 184, Building 18. Cooke observed petitioner walk up to George Palamaro and wipe his shoes on Palamaro's trousers, then petitioner struck him in the face and back with his fists several times. On February 14, 1973 at 2:20 P.M. the patient Palamaro was sitting in a rocking chair in the day room of Ward 184 with his feet clad in slippers. Cooke observed petitioner step on Palamaro's feet grinding the toes of his shoes into the tops of Palamaro's feet. He then used his heel in a like manner. Palamaro then jumped out of the chair, screaming obscenities. On February 14, 1973 petitioner and Trooper Cooke were sitting in the clothes room of Ward 184, Building 18 when a patient named George Buchanan walked in. Petitioner yelled to Buchanan to get out of the clothes room, then got out of his chair and struck Buchanan in the stomach. Trooper Cooke was the sole witness presented in support of the specifications by respondent Rome State School. Charlotte Coleman, a

registered nurse, testified that she knew petitioner from February 2 to May 2, 1973 before she was transferred to another department. In her appraisal petitioner was helpful, kind and interested in the patients. Mrs. Coleman never saw petitioner strike William Caldwell, George Palamaro or George Buchanan. Petitioner Eugene Merriman testified that he had worked on Ward 184 for eight years and was employed by the Rome State School for nine years. He had a wife and five children. He denied striking any of the patients listed in the specifications. There appears in the record no reason or justification for discounting the veracity of Trooper Robert Cooke. His testimony clearly supports the first, third, fourth and fifth specifications with which petitioner is charged. The only issue in this article 78 proceeding concerns the appropriateness of the penalty imposed by the Acting Director Dr. Buchholtz. The penalty imposed by Dr. Buchholtz does not shock one's sense of fairness. Upon substantially similar facts this court and the Court of Appeals have confirmed determinations of directors of similar State schools imposing the sanction of dismissal (*Matter of Smart v Francis,* 35 NY2d 872; *Matter of Traber v Feinstein,* 39 AD2d 643; and see *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222 for a general discussion of the scope of review of the exercise of administrative discretion in fashioning appropriate penalties). The penalty of dismissal does not appear disproportionate to the offense. It does not shock one's sense of fairness and comes well within the discretionary authority of the Acting Director of the Rome School to protect the patients within his charge from physical and mental abuse. (Article 78 proceeding to review determination dismissing petitioner, transferred by order of Oneida Supreme Court.) Present—Marsh, P. J., Simons, Dillon, Goldman and Witmer, JJ.