In the Matter of the CITY COUNCIL OF WATERTOWN et al., Appellants, v DONALD P. CARBONE et al., Constituting the Municipal Civil Service Commission of the City of Watertown, et al., Respondents.

Fourth Department, December 10, 1976

*Kenneth W. Brett, Corporation Counsel,* for appellants.

*Giles, Maloney, Marsh, Clary & Swartz (Richard V. Hunt* of counsel), for Frederick D. Wiley, respondent.

*Conboy, McKay, Bachman & Kendall (Carl Bachman* of counsel), for Donald P. Carbone and others, respondents.

CARDAMONE, J. P. On December 17, 1975 respondent, Frederick D. Wiley, then a Captain in the Fire Department of the City of Watertown was involved in an incident during his off-duty hours which resulted in disciplinary charges being lodged against him. Following a hearing held before appellant Forbes, City Manager of Watertown, he was found guilty of the charges and given a 30-day suspension without pay and permanent demotion to the rank of Fire Fighter effective February 15, 1976. Respondent Wiley, who holds a permanent competitive civil service appointment, appealed that determination to respondent. Watertown Municipal Civil Service Commission (Commission), which unanimously modified the penalty to a 30-day suspension without pay and reduction in rank to Fire Fighter until April 16, 1976, which amounted to a 60-day demotion in rank and pay, after which the Commission directed that he be reinstated as Fire Captain.

Appellants, Chief of the Fire Department, City Council and

City Manager of Watertown, thereafter instituted the instant article 78 proceeding claiming that there was no reasonable basis for the Commission's modification of the penalty. They are before us on an appeal from Special Term's determination that the Commission did not act arbitrarily in modifying Wiley's penalty.

The facts involved in the incident, briefly stated, arose when a woman who had been riding in Wiley's car on the Cape Vincent-Watertown Road asked to be let out because she was angry. She began to walk and then decided to rest in a snowbank. At that point a New York State Trooper dressed in civilian clothes and driving his personal car came along, stopped and asked her if she needed a ride. As he was helping her into his car, respondent Wiley returned. An altercation occurred during which three of the trooper's shirt buttons were ripped off. When he announced that he was a New York State Trooper, Wiley respondent "(i)f you are a Trooper, so am I". Wiley was subsequently satisfied as to the trooper's identity. After the trooper drove the woman home, with Wiley following in his car, the trooper told Wiley to follow him. Upon inquiring whether he was under arrest and being advised that he was "not at this time", Wiley refused to follow. The trooper went to the station, typed up the papers, went to Wiley's home and arrested him for criminal impersonation and harassment.

Section 75 of the Civil Service Law generally provides for the imposition of disciplinary penalties upon persons such as respondent Wiley who hold positions by permanent appointment in the competitive class of the classified civil service for incompetency or misconduct shown after a hearing upon stated charges. Subdivision 1 of section 76 of the Civil Service Law provides that any officer or employee who believes himself aggrieved by a penalty or punishment lodged against him pursuant to section 75 of the Civil Service Law has a right to appeal from such determination *either* by an application to the State or municipal civil service commission having jurisdiction *or* to the court in accordance with article 78 of the CPLR. If the former is followed, subdivision 3 of section 76 of the Civil Service Law sets forth the authority of the reviewing commission on such an appeal. It provides that "[t]he determination appealed from may be affirmed, reversed, or modified, and the state or municipal commission having jurisdiction may, in its discretion, direct the reinstatement of the appel-

lant". The subdivision further provides that: "(t)he decision of such civil service commission shall be final and conclusive, and not subject to review in any court."

Despite this seemingly definitive language, New York courts have held that an article 78 proceeding to review the Civil Service Commission's determination of the appeal will lie upon the allegation that the Commission's decision was "purely arbitrary" (*Matter of Taylor v New York City Tr. Auth.*, 25 AD2d 682, affd 19 NY2d 724; *Matter of Hibbert v New York City Tr. Auth.*, 28 AD2d 1139, app dsmd 21 NY2d 880, mot for lv to app den 22 NY2d 643, cert den 393 US 1035; *Matter of Pauling v Smith*, 46 AD2d 759; *Matter of Barbarito v Moses*, 31 AD2d 898; *Matter of Santella v Hoberman*, 29 AD2d 655). We note in passing that much of the rationale for this construction of the statute derives from the Court of Appeals' similar treatment of almost identical language in section 310 of the Education Law with respect to the conclusiveness of determinations by the Commissioner of Education on appeal to him[1] (see, especially, *Matter of Board of Educ. v Allen*, 6 NY2d 127, 136; *Matter of Ross v Wilson*, 308 NY 605, 608; *Matter of Levitch v Board of Educ.*, 243 NY 373, 375). Much of appellants' argument upon this appeal is mistakenly focused on the rationality of appellant Forbes' determination of guilt and punishment. This focus would be appropriate had respondent Wiley brought an article 78 proceeding in Special Term against Forbes' determination in the first instance.

Had that been the course pursued, the scope of judicial review with respect to such an article 78 proceeding is well established. This court, as well as the Court of Appeals, is vested with the power to deal, as a matter of law, with the measure of discipline imposed on a civil service employee (see, generally, *Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-231; CPLR 7803, subd 3; *Matter of Bovino v Scott*, 22 NY2d 214; *Matter of Bell v Waterfront Comm.*, 20 NY2d 54). The standard of review generally applied was stated in *Matter of Stolz v Board of Regents* (4 AD2d 361, 364) as follows: "We believe that, reasonably construed, the statute authorizes us to

---

1. Section 310 of the Education Law until its amendment in 1976 (L 1976, ch 857, § 1) provided, in relevant part: "Any person conceiving himself aggrieved may appeal or petition to the commissioner of education who is hereby authorized and required to examine and decide the same; and the commissioner of education may also institute such proceedings as are authorized under this article and his decision in such appeals, petitions or proceedings shall be final and conclusive, and not subject to question or review in any place or court whatever."

set aside a determination by an administrative agency, only if the measure of punishment or discipline imposed is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness". (See, also, *Matter of Traber v Feinstein,* 39 AD2d 643, affd 32 NY2d 860; *Matter of McDermott v Murphy,* 15 AD2d 479, affd 12 NY2d 780.) What is shocking to one's sense of fairness has been recently defined by the Court of Appeals "a result is shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the derelictions of the individuals" *(Matter of Pell, supra,* p 234).

Here, however, respondent Wiley elected to appeal from appellant Forbes' determination to an administrative tribunal. Where the attack is upon the Civil Service Commission determination made under section 76, the scope of judicial review available must be focused on the actions of the Commission (see *Matter of Taylor v New York City Tr. Auth.,* 25 AD2d 682, affd 19 NY2d 724, *supra).* The issue of an administrative agency's scope of appellate review vis-à-vis that of the courts was presented in a case involving the Commissioner of Education's power of review under section 310 of the Education Law *(Matter of Board of Educ. v Allen,* 6 NY2d 127, *supra).* In that case, the Court of Appeals rejected the contention that the commissioner was restricted only to review whether certain questions posed to individual teachers by a school board were reasonably related to a legitimate subject of inquiry and held that under section 310 of the Education Law the commissioner had a "wide sweep of power" to determine in his own reasoned judgment whether these questions "would be detrimental and injurious to the school system" (pp 137-138).

Appellants urge that the Watertown Civil Service Commission's power to modify a disciplinary penalty imposed by City Manager Forbes is restricted to that limited power available to the courts under *Matter of Pell* (p 233), i.e., "where the finding of guilt is confirmed and punishment has been imposed, the test is whether such punishment is 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness'". We believe, for several reasons, that this definition of a Civil Service Commission's scope of review of the penalty imposed in the first

instance by a hearing officer is overly narrow. First, the language of subdivison 3 of section 76 of the Civil Service Law is written with great specificity as to the methods by which a Civil Service Commission may modify a penalty imposed by a hearing officer, qualifying that power only with the words "in its (i.e., the Civil Service Commission's,) discretion." Second, the entire scheme provided by section 76 for election between an article 78 challenge in the courts or an appeal to the Civil Service Commission would be shorn of any substantive meaning if the scope of review in each forum were identical. Third, as discussed above, similar language with respect to the power of administrative review contained in the Education Law has been interpreted to give the Commissioner of Education a much broader scope of review than that available to courts upon article 78 review (*Matter of Board of Educ. v Allen, supra*).

Therefore, the test in *Matter of Pell* of the penalty as "shocking to one's sense of fairness" must be applied upon this article 78 review to the respondent Commission's *modification* of petitioner Forbes' penalty and not to the *original* penalty itself. In this case, however, we would have to conclude that the penalty, as modified, is so insubstantial that it is "disproportionate to the misconduct * * * or to the harm or risk of harm to the * * * (Watertown Fire Department), or to the public generally visited or threatened by the derelictions of the individuals" (*Matter of Pell, supra*, p 234). Since respondent Wiley's misconduct occurred during his off-duty hours and since the motivation behind his actions is legitimately subject to a variety of interpretations, we cannot say that the modified penalty of a 30-day suspension without pay and a two-month demotion to Fire Fighter is so insubstantial as to shock our sense of fairness.

Appellants' final argument is that the modification was at least partially based upon respondent Wiley's acquittal on the criminal charges, arising out of the incident, which occurred after the hearing before the City Manager. This, appellants claim, was irrelevant to the standard of proof required to find Wiley guilty in the disciplinary proceeding and fell outside the record upon which the Commission could properly determine the appeal. Although the standards of proof necessary to support a finding of guilt are clearly different in a criminal proceeding than in a disciplinary proceeding (see, e.g., *Matter of Miller v Kling*, 291 NY 65, 68-69), an acquittal on criminal

charges similar to disciplinary charges brought against a public employee is some evidence as to the seriousness of the complained of conduct, even though the acquittal cannot be conclusive against a determination of guilt on those disciplinary charges (see, generally, Richardson, Evidence [10th ed], § 4). Where, as here, the appeal before the Commission was largely focused on the appropriateness of the original penalty, however, the seriousness of Wiley's conduct was a legitimate issue upon which the respondent Commission could exercise its discretion pursuant to subdivision 3 of section 76 of the Civil Service Law. We conclude, therefore, that consideration of the acquittal by the Commission on the issue of the appropriateness of Wiley's original penalty was not such an abuse of the Commission's discretion under subdivision 3 of section 76 as to be "purely arbitrary". We recognize that disciplinary proceedings under this title of the Civil Service Law are not required to be conducted in compliance with the technical rules of evidence (see Civil Service Law, § 75, subd 2). Further, the acquittal was squarely presented in respondent Wiley's papers on appeal to the Commission and its effect on Forbes' decision was expressly controverted in Forbes' own answering papers upon that same appeal. Appellants' argument, therefore, that any consideration of the acquittal by the Commission caught them by surprise or deprived them of the opportunity to argue against any inferences favorable to respondent Wiley that might be drawn from the acquittal is without basis.

Accordingly, the judgment should be affirmed.

MAHONEY, DILLON and WITMER, JJ., concur; SIMONS, J., not participating.

Judgment unanimously affirmed, with costs.