■ In the Matter of DICKSON PAINTING, INC., Appellant, v LARRY WALTER, INC., Respondent.—Appeal from orders of the Supreme Court at Special Term, entered June 4, 1976 in Broome County, which vacated and discharged mechanics' liens filed by appellant. Pursuant to a written contract dated May 19, 1975, appellant, a subcontractor, undertook to perform certain work, labor and services for the respondent contractor. A portion of their contract provided that: "The Subcontractor expressly covenants and agrees to file no lien of any nature or kind for any reason whatsoever arising out of this contract for matters and things related thereto and does hereby expressly and irrevocably constitute the Contractor as its agent to discharge as a public record any lien which may have been filed by it for any reason whatsoever". Effective July 1, 1975, section 34 of the Lien Law of the State of New York was amended to read in part as follows: "Notwithstanding the provisions of any other general, specific or local law, any contract, agreement or understanding whereby the right to file or enforce any lien created under article two is waived, shall be void as against public policy and wholly unenforceable." Work on two separate projects was performed by appellant under this agreement subsequent to July 1, 1975 and, when payment was refused, it filed mechanics liens in each instance. The only question on this appeal is whether the above-mentioned statute should be accorded retroactive effect to invalidate the waiver of lien provisions contained in the contract between these parties. We think not. There is no unequivocal expression of legislative intent that the statute in question should receive retrospective application *(Shielcrawt v Moffett,* 294 NY 180, 189). Furthermore, the rights and liabilities of the parties were fixed and established by the contract in accordance with legislative intentions of public policy as it then existed *(Jespersen-Kay Modular Constr. v Clinton Ave. Paul Place Houses,* 85 Misc 2d 721). Order affirmed, with costs. Koreman, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.

■ PHYLLIS J. McATEER, Appellant, v ANTHONY McATEER, Respondent. —Appeal from an order of the Family Court of Ulster County, entered June 2, 1976, which awarded custody of the child of the marriage to the respondent. Pursuant to subdivision (b) of section 651 of the Family Court Act, petitioner wife commenced a proceeding to obtain custody of the four and one-half-year-old son of the couple. Since June 5, 1973, when his parents separated, the child has been living with respondent and his parents. A cross petition was filed by the respondent husband. The evidence disclosed that the parties' separation was brought about by petitioner's plea of guilty to sexual abuse of several minors in 1973. Following her conviction, petitioner received psychiatric attention. However, while the court was favorably impressed by her mental and emotional improvement, it stated that the test was not improvement on the part of petitioner, but the best interests and welfare of the child. Psychiatric testimony on behalf of the respondent supported the respondent's position that the best interests of the child would be served by maintaining the stable environment in which the child is presently living. A further consideration was the fact that the child has neurological problems which require an extremely quiet home atmosphere. The record fully supports the decision of the Family Court. Order affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.