(January 19, 1978)

■ In the Matter of PAMELA CLEMENTE, Respondent, v JOHN J. FAHEY, as Commissioner of the Albany County Department of Social Services, Appellant, and STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered August 26, 1976 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the answer of respondent Fahey insofar as it attempted to challenge a fair hearing decision of respondent Berger, dismissed the petition as against respondent Berger, and directed respondent Fahey to reimburse petitioner for alleged underpayments of aid for the period January 1, 1975 to May 31, 1975. During the period from January 1, 1975 to May 31, 1975 petitioner and her child were recipients of public assistance in the Aid to Families with Dependent Children category. At this same time petitioner was also an enrolled full-time student at the State University of New York at Albany and, as a result, the recipient of a National Direct Student Loan, a supplemental educational opportunity grant and an educational opportunity program (EOP) grant. The instant controversy arose when, pursuant to 18 NYCRR 352.16 as it then existed, respondent Fahey reduced petitioner's

public assistance grant by an amount from her EOP grant which he determined was available to her as a resource or income. This was upheld by Commissioner Berger in a decision rendered on March 19, 1975 following a fair hearing. Subsequently, 18 NYCRR 352.16 was amended on June 6, 1975 so as to exclude from consideration as income for the purposes of public assistance all Federal education grants as well as any other grant used for necessary or essential school expenses including child care services. Upon this development, petitioner sought and was granted a second fair hearing after which, by decision rendered on September 30, 1975, the commissioner determined that none of petitioner's grants or loans were to be used to reduce her budgetary needs and directed respondent Fahey to provide petitioner with a supplemental grant for the underpayments resulting from his budgeting of her EOP grant to reduce her public assistance. Thereafter, when it became clear that respondent Fahey would be issuing no supplemental grant to petitioner on the ground that petitioner was then and had been receiving full assistance since June 1, 1976 when the school year terminated, a date prior to the amendment of 18 NYCRR 352.16 and the second fair hearing, petitioner commenced this proceeding. By judgment dated July 30, 1976, Special Term then dismissed because of his alleged lack of standing respondent Fahey's answer insofar as it attempted to challenge the commissioner's decision of September 30, 1975, dismissed the petition against Commissioner Berger, and directed respondent Fahey to reimburse petitioner for underpayments of aid during the period January 1, 1975 to May 31, 1975. This appeal ensued. Considering initially the issue of standing, we hold that Special Term erred insofar as it dismissed respondent Fahey's answer on that ground. Since the County of Albany concededly provides 25% of the funding for petitioner's public assistance grants, respondent Fahey, as representative of the county and its taxpayers, plainly has standing and a fiduciary obligation to challenge alleged improper expenditures of those funds even when ordered by the State commissioner, and any abrogation of his right to do so would constitute the taking of property without due process of law. Only recently, in *Matter of Beaudoin v Toia* (58 AD2d 393), we ruled on a similar challenge by the Commissioner of Rensselaer County and, thus, recognized the capacity of local officials to seek court review of the State commissioner's determinations. In so ruling that respondent Fahey has the necessary standing herein, we would further point out that our decision in no way conflicts with Federal statutes and regulations mandating a single State plan for aid and services to the needy (see, e.g., US Code, tit 42, § 602, subd [a], par [1]) to be administered by a single State agency (see, e.g., 45 CFR 205.100). These Federal guidelines are neither circumvented nor ignored by a grant of standing in this instance because the resultant judicial determination will establish a unified policy for the State and said policy will then be administered by the State agency throughout the State. Moreover, statutes establishing that decisions of the State commissioner are binding upon the local social services district involved (see, e.g., Social Services Law, § 353) likewise do not bar challenges by the localities to decisions allegedly arbitrary and capricious or erroneous as a matter of law (cf. *Matter of Board of Educ. v Allen*, 6 NY2d 127; *Matter of City Council of Watertown v Carbone*, 54 AD2d 461; *Matter of Pauling v Smith*, 46 AD2d 759), and since the review thereof is conducted by the courts and not the local agencies, there is also no conflict with 45 CFR 205.100, which prohibits review of any administrative decision of the State agency by a local unit. Turning now to the substantive determination of Special Term whereby respondent Fahey was directed to reimburse pe-

titioner for underpayments of aid for the period January 1, 1975 to May 31, 1975, we find that this was similarly improper and that there were no underpayments. As evidenced by the original decision of respondent Berger rendered on March 19, 1975, respondent Fahey's action in reducing petitioner's public assistance during the period in question was entirely consistent with State policy as it then existed and continued until June 6, 1976. On this latter date, as noted above, 18 NYCRR 352.16 was amended so as to broaden the categories of grants to be excluded from consideration as income when determining the amounts of public assistance to be awarded, but said amendment occurred subsequent to May 31, 1975 and, prior thereto, 18 NYCRR 352.16 required the reduction of public assistance awards to the extent that EOP grants were available to meet the living needs of an individual and his or her dependents. With regard to these challenged reductions, we would emphasize, in conclusion, that respondent Fahey's actions were not taken in contravention of Federal policy because EOP grants are State-funded, and furthermore, nothing in the amended regulation or otherwise warrants retroactive application of the significant policy change embodied therein so as to grant petitioner reimbursement, particularly where, as here, substantial pre-existing rights would thereby be affected *(Shielcrawt v Moffett,* 294 NY 180; *Matter of Dickson Painting v Larry Walter, Inc.,* 55 AD2d 777; *Matter of Cornell Apts. Corp. v Corcoran,* 182 Misc 660). In addition, our resolution of this appeal is consistent with our holding in *Matter of Lumpkin v Department of Social Servs. of State of N. Y.* (59 AD2d 485) wherein we also sought to avoid windfalls to recipients of public loans or grants resulting from the duplication or overlapping of various awards financed from the public treasury. Judgment reversed, on the law, without costs. Kane, Main and Larkin, JJ., concur; Greenblott, J. P., and Mikoll, J., dissent and vote to affirm in the following memorandum by Greenblott, J. P. Greenblott, J. P. (dissenting). We respectfully dissent. We would affirm on the opinion of Mr. Justice Staley with the following comment. A local social services agency, being part of the same administrative agency as the Department of Social Services and, in reality, an agent of the commissioner, has no authority or standing as an aggrieved party to challenge a decision of the commissioner by way of an article 78 proceeding. In our view, if a local commissioner takes exception to the State commissioner's legal interpretations or finds the statute and regulations upon which a fair hearing determination rests to be somehow deficient, he must commence a declaratory judgment action to determine his claims. He certainly has no unrestricted right of review by way of an article 78 proceeding, as the majority holds. Much less does he have the right to ignore an adverse fair hearing determination, force the applicant to bring an article 78 proceeding to enforce the determination and then raise any objections to the determination he might have. That determination is binding on him unless and until he obtains a declaration that the State commissioner acted illegally or wrongfully. Respondent Fahey made no such attempt here and is foreclosed from raising any legal objections to the fair hearing determination. Further, the administrative agent is required by Federal and State regulations to make *prompt* payment to the applicant when the hearing decision is in the applicant's favor (45 CFR 205.10 [a] [16], [18]; 18 NYCRR 358.22). The majority's failure to require immediate payment prior to interposition of an appeal jeopardizes New York's right to Federal assistance. The order should be affirmed.