*184 OPINION OF THE COURT
Arnold G. Fraiman, J.
Motions No. 131 and No. 132 on the calendar of December 6, 1977 are consolidated for disposition. In each of these proceedings the petitioner New York City Housing Authority (the authority) moves pursuant to CPLR article 78 to review and annul a determination made by respondent New York City Civil Service Commission (the commission) which modified a punishment of demotion by the authority following a disciplinary hearing involving an authority employee. In Motion No. 131 the aggrieved employee is one Stroman, and in Motion No. 132, the employee is one Cogen. Each is named as a party respondent with the commission.
The employee involved in each instance held a permanent competitive civil service appointment, and was served with charges pursuant to section 75 of the Civil Service Law. Following hearings in each case, the hearing officer sustained most of the charges brought and recommended the imposition of certain penalties. These were adopted by the authority in the Stroman case and rejected in the Cogen case, and in both cases the authority determined that the employee should be permanently demoted. Each employee then took an appeal to the commission from the authority’s determination pursuant to section 76 of the Civil Service Law. On appeal, the commission in each case modified the authority’s punishment by substituting a demotion for a limited period for the permanent demotion imposed by the authority, and the authority has brought the instant article 78 proceedings to set aside these modifications.
At the outset it should be noted that although subdivision 3 of section 76 provides that "[t]he decision of [the] civil service commission shall be final and conclusive, and not subject to further review in any court”, appeals to the courts have been permitted in the form of article 78 proceedings where it is alleged that the commission’s decision was "purely arbitrary”. (Matter of Taylor v New York City Tr. Auth., 25 AD2d 682, affd 19 NY2d 724; Matter of Pauling v Smith, 46 Ad2d 759; Matter of Short v Nassau County Civ. Serv. Comm., 59 AD2d 157.) While the petitioner in each of the above cases, and in most of the other cases in which an article 78 proceeding was brought to vacate a determination of the commission as "purely arbitrary”, was the aggrieved employee, in at least *185 two recent cases such a proceeding was brought by the agency involved where, as here, the commission had modified its determination. (Matter of City Council of Watertown v Carbone, 54 AD2d 461; Matter of Triborough Bridge & Tunnel Auth. v Civil Serv. Comm., Supreme Ct, New York County, Jan. 12, 1977.)
Under subdivision 1 of section 76 of the Civil Service Law an aggrieved employee has the option of appealing to the commission or applying to the court pursuant to CPLR article 78. Where he elects to appeal to the commission, that body may, in the exercise of its discretion, vacate or modify the punishment imposed by the employer. (Civil Service Law, § 76, subd 3.) Where, however, the employee opts to proceed directly in the courts the scope of review, as noted by the court in City Council of Watertown v Carbone (supra, p 464), is whether the measure of punishment imposed by the employer was " 'purely arbitrary’ ”, that is, was it " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one’s sense of fairness.’ ” (Matter of Pell v Board of Educ., 34 NY2d 222, 233; see, also, Matter of Stolz v Board of Regents of Univ. of State of N. Y., 4 AD2d 361, 364.) Here, the aggrieved employees elected initially to appeal to the commission, and the instant proceedings are brought to set aside its modifications of the authority’s punishment. The focus of judicial review in such case, therefore, is the penalty as modified by the commission rather than to the original penalty imposed by the authority (City Council of Watertown v Carbone, supra, p 465.) And the test to be applied is whether the commission’s exercise of its discretion, in modifying the penalties imposed by the authority, was "purely arbitrary”. (Matter of Taylor v New York City Tr. Auth., 25 AD2d 682, affd 19 NY2d 724, supra.)
Applying that test to the instant cases, the court concludes that no basis exists for disturbing the determination of the commission in either instance. In the Stroman case, Stroman held the position of foreman of caretakers at Van Dyke Houses, an authority development consisting of four 14-story buildings and four three-story buildings and their environs. He had been promoted to foreman in 1973 after having served as a housing caretaker for the previous 13 years. During his service as a caretaker he was the subject of one disciplinary hearing which resulted in a forfeiture of three days’ leave. As a foreman, prior to the filing of the charges which led to the *186 instant proceeding, he had been fined $50 in 1975 as a result of other charges which had been brought against him.
The current charges, filed in September, 1976, charged him with incompetency and misconduct in the performance of his duties. Among the specific charges sustained by the hearing officer was that Stroman had absented himself from work without approval on six occasions; that he had failed to make weekly inspection of his buildings; and on six other occasions, that he had breached authority regulations concerning the performance of his duties. The hearing officer recommended that he be demoted to caretaker and the authority approved the recommendation. On appeal to the commission, that body sustained the factual findings of the hearing officer but annulled the penalty of permanent demotion and substituted in lieu thereof a temporary demotion to caretaker for six months.
In the Cogen case, Cogen had been an employee of the authority for 26 years when he was served with the current charges. He had started as a housing assistant, and after successfully passing several competitive civil service examinations, he was promoted to housing manager, a position he has held for approximately 18 years. His duties involved the management of three authority developments in The Bronx. After a hearing, the hearing officer found that during 1975 he had neglected his duties as manager of two of the developments under his supervision in a number of respects; that he failed to discharge certain bookkeeping duties he was responsible for; and that on divers occasions he failed to punch in or out on the time recorder provided by the authority. The hearing officer recommended that he be suspended for 30 working days. The authority rejected this recommendation and demoted Cogen to the position of assistant manager. On appeal, the commission sustained the factual findings of the hearing officer but modified the authority’s punishment by substituting an eight-month temporary demotion to assistant manager in place of the permanent demotion ordered by the authority.
Stroman had been an employee of the authority for 16 years with a comparatively minor disciplinary record when the current charges were brought. None of the charges involves serious misbehavior on his part. He had passed a competitive Civil Service examination to attain the position of foreman.
Cogen had been with the authority for 26 years. The *187 charges against him did not involve willful misconduct but rather incompetence, although he had served as a housing manager for 13 years prior to the bringing of the current charges against him. And he, too, had passed a series of written competitive civil service examinations to attain his position.
In view of all these facts, the court cannot say as a matter of law that the six-month demotion imposed by the commission in Stroman’s case and the eight-month demotion in the case of Cogen were " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one’s sense of fairness.’ ” (Matter of Pell v Board of Educ., 34 NY2d 222, 233, supra.) This is not to say that they are the penalties which this court would have imposed if it were in its discretion. On the contrary, the court is of the opinion that the authority’s punishment was appropriate under the circumstances. However, as noted, the court may not substitute its judgment for that of the commission, unless the latter’s determination was "purely arbitrary”, i.e., "shocking to one’s sense of fairness”, and the court is unable to so conclude in this case. For the foregoing reasons, the petitions are dismissed.