█ In the Matter of TOWN OF MARSHALL, Appellant, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent.—Judgment affirmed, without costs. Memorandum: The judgment of Special Term should be affirmed. Appellant is a part of the same administrative agency as the State Commissioner of Social Services (see Social Services Law, §§ 20, 34, 65, 67) and it may not challenge a determination of the commissioner in an article 78 proceeding (Social Services Law, § 74-h; *Matter of Town of Lee v Berger*, 62 AD2d 1177; *Matter of Samuels v Berger*, 55 AD2d 913; *Matter of Reed v New York State Dept. of Soc. Servs.*, 78 Misc 2d 266). All concur, except Cardamone, J., who dissents and votes to reverse the judgment and deny the motion in the following memorandum: The question presented is whether a determination made by the State Commissioner of Social Welfare following a fair hearing may be challenged by a local agency in an article 78

proceeding. The majority would affirm, holding that a local agency has no standing to challenge such a determination. I disagree. The Oneida County Department of Social Services concluded that Michael Lathrop, a 16-year-old youth, is a resident of the Town of Marshall and eligible to receive home relief. The county agency accordingly sent an authorization to the town to issue an appropriate grant to the youth. Upon the town's refusal the county itself issued such grant. Thereafter, pursuant to section 74-h of the Social Services Law, the county appealed to the New York State Department of Social Services from the town's refusal to grant home relief to Michael Lathrop. On May 27, 1976 a fair hearing was held. Thereafter the State commissioner issued a decision finding that the recipient, Michael Lathrop, is a resident of the Town of Marshall and lives in the home of Margaret Way. The commissioner also found that the recipient is eligible for a grant of home relief since he was without sufficient income or resources to meet his needs and is in need of public assistance. He concluded that the town has failed to establish that the natural parents of the recipient are of sufficient ability to support their child and thereupon directed the town to issue immediately a grant of assistance to the recipient in accordance with the authorization of the county. The town then commenced this article 78 proceeding seeking a judgment annulling the determination of the State commissioner. On the return date of the petition the county agency and the State commissioner moved to dismiss the petition, as a matter of law, on the ground that a decision by the State commissioner pursuant to section 74-h of the Social Services Law binds both the petitioner, Town of Marshall and the respondent, Oneida County Department of Social Services, and cannot be reviewed by a proceeding brought pursuant to CPLR article 78. In adopting this contention Special Term held that judicial review is not available to the town and it dismissed the petition without reaching the merits. It is from this determination that the Town of Marshall appeals. Section 74-h of the Social Services Law provides in part that after hearing an appeal the department shall issue a written determination which "shall be binding on all the public welfare officials and service officers" involved in such appeal. Concededly the statute does not provide for an appeal to the courts from an administrative determination. Nonetheless, language much more proscriptive than this has been held not to bar the reviewability of administrative action deemed "purely arbitrary" *(Matter of Board of Educ. v Allen,* 6 NY2d 127, 136; *Matter of City Council of Watertown v Carbone,* 54 AD2d 461, 464; *Matter of Pauling v Smith,* 46 AD2d 759; *Matter of Barbarito v Moses,* 31 AD2d 898). A fundamental principle of our judicial system permits parties aggrieved by arbitrary administrative decisions to have those determinations reviewed in a judicial forum. Our highest court has enlarged the right to challenge administrative action stating: "The increasing pervasiveness of administrative influence on daily life on both the State and Federal level necessitates a concomitant broadening of the category of persons entitled to a judicial determination as to the validity of proposed action. In recent years the right to challenge administrative action has been enlarged by our court" *(Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 10; see, *Boryszewski v Brydges,* 37 NY2d 361). Moreover, other departments, even while stating in some cases that the local agency has no standing, have assumed jurisdiction in an article 78 proceeding initiated by a local welfare official seeking to review a determination of the State commissioner made after a fair hearing *(Matter of Beaudoin v Toia,* 58 AD2d 393; *Matter of Schreck v Wyman,* 39 AD2d 809, mot for lv to app den 31 NY2d 644; *Matter of Owen v Wyman,* 36 AD2d 547, see *Lascaris v*

*Wyman,* 38 AD2d 163, affd 31 NY2d 386, cert den *sub nom. United States Chamber of Commerce v Lavine,* 414 US 832; *Matter of Bates v Berger,* 55 AD2d 950; contra, *Matter of Reed v New York State Dept. of Soc. Servs.,* 78 Misc 2d 266, *supra; Matter of Smythe v Lavine,* 76 Misc 2d 751). The intra-agency structure under which the local welfare officials are subordinate to and agents of the State commissioner and ordinarily bound by his rulings is fully recognized *(Essex County Welfare Bd. v Department of Institutions & Agencies,* 381 A2d 349 [N. J.]). On balance, however, these considerations are outweighed by the necessity to provide at least limited judicial review to assure that the State commissioner's determination is not arbitrarily imposed upon a local agency financially responsible for paying a portion of the home relief directed. In a recently decided case the Third Department has so held *(Matter of Clemente v Fahey,* 60 AD2d 938). Accordingly, in my view, Special Term should not have dismissed the petition for lack of standing. (Appeal from judgment of Oneida Supreme Court—art 78.) Present —Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.