■ In the Matter of ANTOINETTE HYER, as Commissioner of Oneida County Department of Social Services, Petitioner, v CARMEN SHANG, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents.—Judgment unanimously affirmed, without costs. (See *Matter of Beaudoin v Toia [Jorczak],* 45 NY2d 343; *Matter of Town of Marshall v New York State Dept. of Social Servs.,* 62 AD2d 1163.) (Appeal from judgment of Oneida Supreme Court—art 78.) Present—Marsh, P. J., Cardamone, Simons, Dillon, and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD CANARROZZO, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of two counts of promoting gambling in the first degree. (Penal Law, § 225.10, subd 1). On appeal, he contends, *inter alia,* that the court erred in refusing to suppress and in admitting on the trial evidence of intercepted conversations obtained pursuant to an eavesdropping warrant dated August 1, 1975. The application for the August 1 warrant was based on conversations intercepted under an eavesdropping warrant dated July 9, 1975, granting authority to tap the telephone of one Daniel Caputy. The information obtained under the July 9 warrant was not used in testimony in the trial or Grand Jury proceeding but only for the purpose of establishing probable cause for the issuance of the August 1 warrant. Because the tapes made under the July 9 warrant had not been sealed as required by CPL 700.50 (subd 2) at the time they were used in connection with the application for the August 1 warrant to tap defendant's telephone, defendant argues the August 1 warrant was invalid under CPL 700.65 (subd 3) and the evidence obtained thereunder inadmissible. We disagree. The prohibition against the use of tapes which have not been sealed pursuant to CPL 700.50 (subd 2) applies to their use or the disclosure of their contents "while giving testimony under oath in any criminal proceeding in any court or in any grand jury proceeding" (CPL 700.65, subd 3). The prohibition in CPL 700.65 (subd 3) does not extend to disclosure of the contents of unsealed tapes to other law enforcement personnel for purposes of assisting their investigation or, as here, for establishing probable cause for the issuance of additional warrants (CPL 700.65, subds 1, 2; *United States v Fury,* 554 F2d 522, 531-532, cert den *sub nom. Quinn v United States,* 433 US 910; *People v Iucci,* 61 AD2d 1, 10-11). The other points raised by appellant are without merit. (Appeal from judgment of Erie Supreme Court—promoting gambling, first degree.) Present—Marsh, P. J., Moule, Simons, Hancock, Jr., and Witmer, JJ.