OPINION OF THE COURT
Burton B. Roberts, J.
The defendants move to suppress wiretap evidence on the ground that the tapes of the conversations were not timely sealed (CPL 700.50, subd 2). Two eavesdropping warrants are involved. The first warrant was issued for the period of April 1,1980 to May 1,1980 for the home phone of the defendant Melillo. This warrant expired on May 1, *1005 1980 and a renewal was obtained, based in part on conversations intercepted pursuant to the first warrant, on May 2,1980. It is uncontested that the tapes obtained pursuant to the first warrant were not sealed until May 21, 1980, some 20 days after the expiration of the order.
The People oppose the motion on three separate grounds:
1. the motion is untimely;
2. the failure to timely seal the tapes from the first warrant does not mandate the suppression of the tapes from the second warrant; and
3. the suppression of the tapes resulting from the first warrant should not automatically result in the suppression of in-court testimony by the eavesdropping officers.
With regard to the timeliness of the motion (CPL 255.20), the court neither condones nor appreciates the piecemeal approach defense counsel have taken with respect to the motion practice in this case. However, the court finds some justification for the delay in the voluminous discovery material provided by the People and the long period of time taken to dispose of preliminary motions. The court, therefore, in its discretion and in the interests of justice will consider the merits of the motion.
The People concede that the 20-day delay in sealing the tapes from the first eavesdropping order mandates suppression of those tapes (People v Washington, 46 NY2d 116). However, the People argue that the second set of tapes (which were timely sealed) are not the “fruit of the poisonous tree” even though the conversations intercepted pursuant to the first order were used in the application for the second. The basis of this contention is a series of cases in the Court of Appeals and the Appellate Divisions which have denied suppression of evidence derived from wiretaps which were subsequently suppressed for failure to timely seal (People v Seidita, 49 NY2d 755; People v Weiss, 48 NY2d 988 [both involving search warrants obtained on the basis of subsequently suppressed wiretaps]; People v Iucci, 61 AD2d 1; People v Versace, 73 AD2d 304; People v Canarrozzo, 64 AD2d 1018). Applying the metaphor of the “poisonous tree” to the rule enunciated in these cases, the court must determine if the tree was as yet poisoned when *1006 the fruit was picked. In the instant case, the second eavesdropping order was obtained on May 2, 1980 less than 24 hours after the first order had expired. At that point in time the sealing of the first set of tapes was not yet required (People v Edelstein, 54 NY2d 306). The motion to suppress the tapes obtained pursuant to the May 2, 1980 order is therefore denied.
The People, arguing by extension from the above line of cases, contend that since the officers who executed the wiretaps overheard the conversations at a time when sealing was not required, they should be permitted to testify about their recollection of the conversations. While this argument has a superficial logical appeal, the court refuses to adopt it for both statutory and practical reasons.
CPL 700.65 (subd 3) precludes the disclosure while giving testimony by any person who has received information pursuant to an eavesdropping warrant if the tapes have not been sealed. Under the interpretations of the sealing statute in People v Sher (38 NY2d 600) and People v Washington (supra) an unexplained delay in sealing is the equivalent of no sealing at all. Since the sealing is designed to preserve the integrity of the tapes, a belated sealing is the procedural equivalent of locking the barn door after the horse is gone.
Even in the absence of this statutory prohibition, the court finds that the practical problems involved in permitting such testimony far outweigh the benefits to the People. Certainly, an officer’s recollection of conversations, even with the best of intentions, is more subject to alterations and omissions than the suppressed tapes. Moreover, the defense, if it wished to impeach the officers’ recollection, might well wish to use the tapes thereby revealing their existence to the jury. Finally, it is standard procedure for the executing officers to listen to duplicates of the tapes in order to develop the investigation and make transcripts of the contents. Presumably, if such testimony were permitted, the court would have to conduct a hearing to determine the imponderable issue: “Is the officer’s recollection based on the original conversation or the suppressed tape?”.
*1007 For all the foregoing reasons the motion to suppress the tapes of the April 1,1980 wiretap is granted; the motion to suppress the tapes of the May 2,1980 wiretap is denied and the motion to permit the executing officers to testify about the conversations overheard pursuant to April 1, 1980 is denied.