FLATBUSH WATER WORKS COMPANY, Plaintiff, *v.* THE PEOPLE OF THE STATE OF NEW YORK and Others, Defendants.*

Supreme Court, Kings County, July 27, 1926.

Municipal corporations — water supply — application for injunction restraining city of New York from furnishing water in plaintiff's territory in city of Brooklyn — act of annexation (Laws of 1894, chap. 356) expressly prohibited city of Brooklyn operating in territory in question — Laws of 1887, chap. 696, as amd., which requires city to furnish water free to hospitals, not applicable — injunction granted.

Plaintiff water company, which has been furnishing water to a hospital situated in the city of Brooklyn for upwards of thirty years, is entitled to an injunction restraining the city of New York from connecting its water mains with said hospital, since the act of annexation (Laws of 1894, chap. 356) expressly prohibits the city of Brooklyn from furnishing any water for consumption within the territory supplied by plaintiff until the expiration of plaintiff's charter or until the city should acquire plaintiff's property by condemnation; though plaintiff has not an exclusive franchise to furnish water within the territory in question, the annexation act by its terms forbids the city to distribute water in plaintiff's territory.

Chapter 696 of the Laws of 1887, as last amended by chapter 607 of the Laws of 1921, requiring the city to furnish water free to hospitals, is not applicable under the circumstances.

MOTION for injunction.

*Maires & Maires* [*Thomas W. Maires* of counsel], for the plaintiff.

*Albert Ottinger, Attorney-General* [*William Matthews* of counsel], for the defendant The People of the State of New York.

*George P. Nicholson, Corporation Counsel* [*William E. Meyer* of counsel], for the defendants The City of New York and Nicholas F. Hayes.

No appearance for the defendant Charles H. Darmstadt, Inc.

CROPSEY, J. Motion for injunction granted. The city of New York is about to connect its water mains with property situated in the twenty-ninth ward (formerly town of Flatbush) of the borough of Brooklyn, owned by the State of New York and occupied and used as a State hospital. The water now used by the hospital is furnished by the plaintiff and has been for thirty years and the charge therefor is a substantial sum each year. The plaintiff was

---

* Affd., 220 App. Div. 784.

organized before the town of Flatbush became a part of Brooklyn. By the act of annexation (Laws of 1894, chap. 356) it was expressly provided that the city of Brooklyn should not furnish any water for consumption within the town limits or lay any mains or pipes for the distribution of water therein until the expiration of plaintiff's charter — the latter then supplying that territory — or until the city should acquire the plaintiff's property by condemnation. This act, however, provided that plaintiff should not be deemed to have an exclusive franchise. (§ 4.) The rights and obligations arising thereunder were preserved by the charter of the Greater City of New York. (Laws of 1896, chap. 488, § 5.) It is conceded plaintiff had no exclusive franchise either under its charter (See *Syracuse Water Co.* v. *City of Syracuse,* 116 N. Y. 167, 178; writ of error dismissed, 154 U. S. 519; *Skaneateles Water Works Co.* v. *Village of Skaneateles,* 161 N. Y. 154, 165; affd., 184 U. S. 354, 362), or the annexation act referred to. (*Matter of City of Brooklyn,* 143 N. Y. 596, 616; affd., *sub nom. Long Island Water Supply Co.* v. *Brooklyn,* 166 U. S. 685, 696.) But by the very terms of that act the city was forbidden to distribute water in plaintiff's territory. A similar act was construed to mean just what it says. (*Ziegler* v. *Chapin,* 126 N. Y. 342.) While furnishing water by a municipality is not a governmental function (*People ex rel. Dunkirk, etc., R. R. Co.* v. *Batchellor,* 53 N. Y. 128), and while other concerns might be permitted to operate in the section in question, the city is expressly prohibited from so doing by the statute. It is no answer to say the city must furnish water free to hospitals, etc., under chapter 696 of the Laws of 1887, as last amended by chapter 607 of the Laws of 1921. It is questionable if this provision applies to State institutions, but if it does the specific prohibition mentioned must control. The fact that the plaintiff and the city exchange water at times does not affect the question. Settle order on notice, when suggestions may be made as to amount of bond.