■ In the Matter of CLAUDETTE PAULING, Petitioner, v. JAMES W. SMITH et al., as Commissioners of the Civil Service Commission of the City of New York, et al., Respondents.— Determination of the respondent Civil Service Commission of the City of New York, dated May 29, 1973, affirming the dismissal of petitioner from the Department of Social Services, modified, on the law, to the extent of substituting for penalty of dismissal of petitioner, a suspension without pay, for a period commencing from the date of dismissal to five days from the date of the entry of the order hereon, and as so modified, confirmed, without costs and without disbursements. In this proceeding pursuant to article 78 CPLR, petitioner seeks to review the action of the Civil Service Commission in affirming a dismissal of petitioner as a caseworker in the Department of Social Services upon charges of misconduct. Subdivision 3 of section 76 of the Civil Service Law provides that where an appeal in a disciplinary proceeding is taken to the Civil Service Commission, the decision of the commission "shall be final and conclusive, and not subject to further review in any court". However, it has been held that the prohibition against any further review by a court does not bar entirely judicial review, and that such review is permitted when it is claimed that the action of the commission was "purely arbitrary". (Matter of Barbarito v. Moses, 31 A D 2d 898; see, also, Matter of Board of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127, 136, 141.) Special Term transferred the proceeding upon the ground that the nature of the penalty imposed on petitioner involved an issue of "substantial evidence" (CPLR 7803, subd. 4; 7804, subd. [g]). The test of "substantial evidence" must be distinguished from that of "arbitrariness". (See Matter of Colton v. Berman, 21 N Y 2d 322, 329.) The matter of the extent of the punishment, and the review of the imposition of the punishment, has been recently comprehensively discussed in Matter of Pell v. Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale &

*Mamaroneck* (34 N Y 2d 222). The criterion for determining whether the punishment is to be disturbed by the court, was reiterated in that case to be whether the punishment is " so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness " (p. 233). Such a determination is to be made as a matter of law upon the basis of " arbitrariness " rather than " substantial evidence ". Therefore, the matter should have been heard and determined by Special Term. (CPLR 7804, subd. [g]; see *Matter of Taylor* v. *New York City Tr. Auth.*, 25 A D 2d 682, affd. 19 N Y 2d 724.) But even though Special Term has not properly transferred a case to the Appellate Division, the Appellate Division may, and can, decide the issues without remanding to Special Term. (CPLR 7804, subd. [g]; *Matter of Willow Garden Apts.* v. *Riker*, 36 A D 2d 892; *Matter of 125 Bar Corp.* v. *State Liq. Auth.*, 24 N Y 2d 174; *Matter of Fasani* v. *Rappaport*, 30 A D 2d 588, 589.) In our opinion, the dismissal of petitioner under the circumstances of this case was an unreasonably harsh and excessive sanction. Petitioner had been an employee of the Department of Social Services of the City of New York, until her dismissal, for a period of eight years. The misconduct of which petitioner was found guilty was not one which involved venality, corruption or moral turpitude; and appears to have been an isolated outburst under circumstances of unusual tension. While petitioner's conduct cannot be condoned, it nevertheless appears that the permissible aims of discipline in the department can be achieved by less severe punishment than dismissal of one who had served eight years in the department. We conclude that the punishment was so disproportionate to the offense in the light of all the circumstances as to be shocking to one's sense of fairness, and that a suspension for the time indicated above would more appropriately satisfy the ends of justice. Concur — McGivern, P. J., Markewich and Lupiano, JJ.; Kupferman and Steuer, JJ., dissent in the following memorandum by Steuer, J.: We disagree on the ground that the sanction imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness. Petitioner, an employee of the New York City Department of Social Services, was given directions by her superior as to how to process the distribution of welfare checks to certain clients. She went to the room where the clients were waiting and started screaming and cursing in a loud voice and responded to pleas to calm herself by throwing whatever objects were at hand. When somewhat restored, after sweeping the contents of her desk to the floor, she left for the day. Since then her attitude has not been one of contrition but of defiance. It is true that this conduct did not involve venality, corruption or moral turpitude. But it did involve disruption of the service that the department was designed to give and demonstrated that petitioner was unfit to perform the duties of her position. Several city departments are exposed from time to time to complaints from the public and the city is subjected to claims for the effects of similar conduct. The efficient performance of duty is not to be expected where the court substitutes its judgment for that of the responsible authority in situations of this kind.