■ ALBERT FRACCOLA et al., Appellants, v CITY OF UTICA BOARD OF WATER SUPPLY et al., Respondents.—Judgment reversed, with costs, and motion denied. Memorandum: Petitioners appeal from a judgment dismissing their CPLR article 78 proceeding as legally insufficient. They allege that respondent board of water supply advertised that it sold water to areas located outside the Utica city limits in various villages and towns in Oneida and Herkimer Counties, including the Town of Frankfort, Herkimer County, and that the board circulated a brochure stating that it had "ample sources for expansion as needed"; that petitioners sought and obtained a resolution from the respondent Utica Board of Water Supply at a meeting held on September 27, 1972 approving the sale of the water to their proposed residential development in the Town of Frankfort, Herkimer County, upon condition that the expansion of respondents' water system would not result in the imposition of taxes by the Town of Frankfort; that thereafter in reliance on the September 27, 1972 resolution petitioners, among other things, purchased various parcels of land on which they held options, entered into agreements to purchase additional land, had survey and topography maps prepared, held meetings and negotiations with architects and construction contractors and subcontractors pertaining to construction of the proposed development, obtained required permits from the Depart-

ment of Environmental Conservation, the County Health Department and other governmental agencies, and engaged an attorney who formed a water district in the Town of Frankfort which would sell the water purchased from the respondents to the individual homeowners in petitioners' development. Petitioners further allege that respondents on February 10, 1978, without giving any indication of their intention to do so or of any change in their policy toward the sale of water to petitioners, passed a resolution rescinding the approval of September 27, 1972. Petitioners seek, *inter alia,* a judgment annulling the resolution of February 10, 1978. There is no claim that respondents' supply of water was insufficient to permit sales to customers outside the city. We reverse and reinstate the petition. The general rule, as stated by Special Term, is that a municipality may in its discretion furnish water outside its limits (see General Municipal Law, § 118) if by so doing it does not deprive its inhabitants of adequate water but that a municipality may not in the absence of contract be compelled to do so. (See *Kennilworth Mgt. Co. v City of Ithaca,* 63 Misc 2d 617; *Matter of Town of Montgomery v Olley,* 42 Misc 2d 906.) It is well established, however, that a municipality in selling water to nonresidents acts in its proprietary capacity as a private corporation and not in its governmental capacity. (See *Oakes Mfg. Co. v City of New York,* 206 NY 221; *Maxmilian v Mayor of City of N. Y.,* 62 NY 160; *Flatbush Water Works Co. v People,* 129 Misc 746, affd, 220 App Div 784; *City of Little Falls v State of New York,* 198 App Div 488.) When performing a proprietary function it has the powers, capacities, and liabilities of a private corporation (39 NY Jur, Municipal Corporations, § 185). Thus, as between petitioners and respondents, the general law of contracts between private parties would apply. (As to whether the board's actions in adopting the resolution of September 27, 1972 approving the sale of the water and in failing to inform petitioners of its intention to rescind the resolution or of a change in its policy could have resulted in a binding contractual obligation, see 9 NY Jur, Contracts, §§ 9, 34; see, also, *Brennan v National Equit. Inv. Co.,* 247 NY 486; *Gray v Kaufman Dairy & Ice Cream Co.,* 162 NY 388; *White v Corlies,* 46 NY 467; *Josephine & Anthony Corp. v Horwitz,* 58 AD2d 643.) (As to whether petitioners' actions taken, with the knowledge of respondents, in continued reliance on the September 27, 1972 resolution should have the effect of estopping respondent board from rescinding the resolution, see 21 NY Jur, Estoppel, §§ 34, 35, 36 and cases cited therein; see, also, *Village of Cornwall v Environmental Protection Admin. of City of N. Y.,* 45 AD2d 297; *Dour v Village of Port Jefferson,* 89 Misc 2d 146; *City of Hudson v Board of Educ.,* 158 Misc 583.) Respecting petitioners' contention that respondent board of water supply in extending its water service outside the city limits of Utica to locations in Oneida and Herkimer Counties was acting as a public utility and, as such, was legally bound to treat its proposed customers equally (see, *Delmarva Enterprises v Mayor of City of Dover,* 282 AD2d 601; *Mayor of Rockville v Goldberg,* 257 Md 563; *Mayor of City of Cumberland v Powles,* 255 Md 574; *Bair v Mayor of City of Westminster,* 243 Md 494; *Blair v Manchester Water Works,* 103 NH 505). We cannot conclude that the petition fails to state any basis for relief. All concur, except Callahan, J., who dissents and votes to affirm the judgment on the opinion at Special Term, Murphy, J. (Appeal from judgment of Oneida Supreme Court—art 78.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Callahan, and Witmer, JJ.