■ In the Matter of BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF LOCKPORT, Appellant, v ALFRED J. CAPPOLA et al., Constituting the Municipal Civil Service Commission of the City of Lockport, et al., Respondents. — Judgment unanimously affirmed, without costs. Memorandum: The Board of Education of the City School District of Lockport (Board) appeals from a judgment at Special Term which dismissed the Board's petition to set aside a decision of the Lockport Civil Service Commission (Commission) which reversed the Board's decision in a disciplinary matter. In a disciplinary proceeding the Board found Anthony Gioia, an employee of the school district, guilty of misconduct and ordered a two-day suspension without pay. Gioia appealed to the Commission which reversed the Board's decision finding insufficient evidence of Gioia's misconduct. The authority of the Commission on such an appeal is set forth in subdivision 3 of section 76 of the Civil Service Law which provides as follows: "3. Determination on appeal. The determination appealed from may be affirmed, reversed, or modified, and the state or municipal commission having jurisdiction may, in its discretion, direct the reinstatement of the appellant *** The decision of such civil service commission shall be final and conclusive, and not subject to further review in any court." Despite the language which seems to preclude judicial review, a CPLR article 78 proceeding will lie where it is alleged that the Commission's decision was "purely arbitrary" or where the penalty imposed by the Commission is challenged as an abuse of discretion (Matter of City Council of Watertown v Carbone, 54 AD2d 461 [and cases cited therein]; see, also, Matter of Short v Nassau County Civ. Serv. Comm., 59 AD2d 157, revd on other grounds 45 NY2d 721 [and cases cited therein]). We disagree with the Board's contention that the action of the Commission in setting aside the Board's determination was arbitrary. Broad powers of review are conferred on the Commission by statute (Civil Service Law, § 76, subd 3) in accordance with which the Commission reviewed the hearing record and found that there was insufficient evidence of misconduct. Inasmuch as there is a rational basis for the determination of the Commission, Special Term did not err in confirming that determination. (Appeal from judgment of Niagara Supreme Court, DiFlorio, J. — art 78.) Present — Dillon, P. J., Cardamone, Hancock, Jr., Denman and Schnepp, JJ.