OPINION OF THE COURT
Fred A. Dickinson, J.
This is a declaratory judgment action to challenge the defendant’s enforcement of a revised schedule of water rates and the collection of charges attendant thereto as it concerns this plaintiff.
Plaintiff now moves for summary judgment.
Plaintiff is the owner of certain property located at 125 Lake Street, White Plains, New York. Said property is a residential apartment house consisting of approximately 248 rental apartments.
Water rates in the City of White Plains are fixed pursuant to section 197 of the Charter of the City of White Plains by the Commissioner of Public Works with the approval of the common council. That a municipality has the power to set such a rate is not questioned (Municipal Home Rule Law, § 10, subd 1, par a, cl [9-a]).
An ordinance proposing new water rates, which rates would escalate with higher consumption, was presented by the Commissioner of Public Works to the common council *952 on April 6, 1981. These rates were submitted as part of the city’s fiscal year 1981-1982 budget. Subsequent to public hearings, the graduated water rate was adopted on April 27, 1981.
According to the defendants, the purpose of the water rate was to establish a self-sustaining water fund and to promote water conservation.
Plaintiff claims that the rates as applied to it are arbitrary, capricious and without a rational relationship as well as a violation of its rights to due process and equal protection. The reason for this is that the plaintiff was classified as a commercial user which means that it is charged for the total amount of water used by the building. Plaintiff claims that this is discriminatory because the plaintiff’s bill is not based on the incremental usage of the individual apartment users but is an aggregate of all 248 users. Therefore, under the graduated water rate system, there would be a much higher usage which means a much higher per gallon charge for the plaintiff. Being charged as just one individual user, the plaintiff is paying a higher per gallon rate than a small individual user such as an individual homeowner.
The principal objection to this rate as raised by the plaintiff is not so much the rate itself but the classification of the plaintiff as a commercial rather than a residential user. Plaintiff claims it is discriminated against because, being an apartment house, it consists of 248 residences, not one commercial use, and therefore, the total usage should be divided by the 248 individual apartment users.
It is the position of the defendants that a graduated water rate system which was adopted accomplishes their legislative goals. In so adopting this procedure, the common council chose to distinguish in the rate on the basis of water used as opposed to the user. Therefore, the larger commercial user would bear a heavier burden than the residential consumer who obviously would use less water on an individual basis.
The question raised by this action is not the fairness of the system per se, but rather its fairness insofar as classifying plaintiff as a commercial user, i.e., charging plain *953 tiff for the total amount of water consumed as one user, rather than spreading it out among 248 individual users.
It is well established that any water rate prescribed must be reasonable under the circumstances (Town Bd. of Town of Poughkeepsie v City of Poughkeepsie, 22 AD2d 270; Silkman v Board of Water Comrs. of City of Yonkers, 152 NY 327, 332).
Defendant relies a great deal on the TownBd. of Poughkeepsie case (supra), in support of its position that a municipality has the right to set different rates for different users. In that case, the City of Poughkeepsie sold water to the Town of Poughkeepsie by rates set by the city. Different rates were established for different consumers. However, even under the rate used in that case (L 1896, ch 425, as amd by L 1910, ch 632, § 64) it was clearly determined that the different rates which were based on consumption were to be determined by individual metering, a situation which does not exist in our case. It was also in that case that the court ruled that there was a reasonable basis for the city to charge higher rates for water sold to the town than for the water sold to the residents of the city. But there was a reasonable relationship there because there was an added cost of transporting water out to the town.
An examination of the water rate system as it applies to this plaintiff shows that there is no rational basis for treating the plaintiff as a lump-sum consumer which therefore must pay the higher rates. An examination of the basis for the water rate system in White Plains bears this out. For one thing, the purpose of conservation is not met because as it is pointed out by the plaintiff and not really questioned by the defendant, there is no impetus to conserve water if the individuals using it, in this case, the individual apartment users, are not the ones paying for it. It is the plaintiff itself who is paying and yet it cannot pass these rates on to the apartment users (Emergency Tenant Protection Act of 1974, L 1974, ch 576, § 4). In line with that, this also shows the impracticality of defendant’s suggestion that plaintiff install individual water meters. Defendant itself stated that the plaintiff could, at best, use the meters for estimates, but the cost of higher water rates *954 could still not be passed on to those individuals who were found to be heavy users.
Finally, the court cannot accept defendant’s unsupported argument that plaintiff should not be treated differently than other commercial users, such as hospitals. It is a matter of common sense that the needs and use of water by a hospital is considerably different than that of the residents of an apartment house.
Summary judgment for plaintiff is granted to the extent that the classification of plaintiff as a commercial user under the White Plains water rate system is discriminatory and illegal and plaintiff is entitled to a refund of overpayments made under that classification.