■ STEPPING STONES ASSOCIATES, Respondent, v CITY OF WHITE PLAINS, Appellant. — In a declaratory judgment action, defendant appeals from a judgment of the Supreme Court, Westchester County (Dickinson, J.), entered January 11, 1983, which granted plaintiff's motion for summary judgment to the extent it declared that the classification of plaintiff under defendant's water rate system is discriminatory and illegal and directed that defendant refund a portion of the money paid by plaintiff for its water bill. ¶ Judgment reversed, on the law, with costs, summary judgment is granted to defendant (CPLR 3212, subd [b]) and it is declared that the water rate regulations of the defendant are legal and not discriminatory insofar as they apply to plaintiff.

¶ A municipal ordinance carries an exceedingly strong presumption of constitutionality (*Marcus Assoc. v Town of Huntington,* 45 NY2d 501). While the presumption is rebuttable, unconstitutionality must be demonstrated beyond a reasonable doubt (*Kurzius, Inc. v Incorporated Vil. of Upper Brookville,* 51 NY2d 338). Plaintiff did not meet its burden of proof in the instant case. ¶ A municipality that operates its own water supply system may establish its own rates (Municipal Home Rule Law, § 10, subd 1, pars [i], [ii], cl a, subcl [9-a]) and rates may be established which will vary according to usage (Public Service Law, § 89-c, subd 12; see *Town Bd. v City of Poughkeepsie,* 22 AD2d 270). In 1981, in order to make its water system self-sustaining and to encourage conservation, defendant adopted a graduated fee scale whereby the charge for each unit consumed increased with consumption. Since this fee system is rationally related to the city's legitimate goals of establishing a self-supporting water fund and water conservation, the rate structure is not unconstitutional. As there are no issues of fact to be decided, summary judgment is granted to defendant pursuant to CPLR 3212 (subd [b]). [116 Misc 2d 951.] Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.