■ BOARD OF COMMISSIONERS OF OCEANSIDE SANITARY DISTRICT, No. 7, TOWN OF HEMPSTEAD, Petitioner, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Nassau County Civil Service Commission, dated October 30, 1984, which reversed a determination of petitioner Board of Commissioners of Oceanside Sanitary District, No. 7, dated May 30, 1984, which, after a hearing, had found the respondent William Stuber guilty of a charge that he operated one of the petitioner's sanitation trucks at an excessive rate of speed, and in a careless, reckless and dangerous manner, and imposed a penalty of 30 days' suspension without pay and reclassification of his job title, without loss in seniority.

Determination confirmed and proceeding dismissed on the merits, with one bill of costs.

Although Special Term improperly transferred the instant proceeding to this court pursuant to CPLR 7803 (4) and 7804 (g) since the petitioner did not raise a question of substantial evidence in its petition *(see, Matter of Pauling v Smith,* 46 AD2d 759), we will nevertheless decide the matter *(see, Matter of Aversano v Two Family Use Bd.,* 117 AD2d 665).

After reviewing the record pursuant to our power to review determinations such as that made by the Civil Service Commission in the case at bar, it cannot be said that the determination of the commission was "purely arbitrary" *(see, Matter of Pauling v Smith,* 46 AD2d 759, *supra; Matter of Barbarito v Moses,* 31 AD2d 898), especially in light of the contradictory testimony given by two of the petitioner's witnesses at the hearing who observed the accident. On the other hand we reject the respondent Stuber's contention that this proceeding was brought frivolously so as to warrant the imposition of counsel fees. Weinstein, J. P., Niehoff, Kunzeman and Spatt, JJ., concur.