■ In the Matter of NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION, Petitioner, v NEW YORK CITY CIVIL

SERVICE COMMISSION et al., Respondents.—Petition, pursuant to CPLR article 78, transferred to this court by order of the Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about June 6, 1989, seeking to annul a determination of respondent New York City Civil Service Commission, dismissed, and the determination confirmed, without costs.

Respondent John Daly was charged by petitioner New York City Department of Environmental Protection with misconduct for striking a co-worker and threatening him with physical harm unless charges were dropped against two fellow employees arising out of an alleged incident of racial bias. Daly was further charged with making false statements regarding the incident. The matter was heard before an Administrative Law Judge of the New York City Office of Administrative Trials and Hearings (OATH) who sustained all charges.

The determination, which turned largely on the credibility of the testimony given by the complainant and by respondent Daly, was appealed to respondent Civil Service Commission pursuant to section 76 (1) of the Civil Service Law. The Commission reversed the determination reached at the OATH hearing. While acknowledging that it lacked the opportunity to observe the demeanor of the witnesses, the Commission concluded that inconsistencies in the testimony given by the complaining witness and by Daly should be resolved in Daly's favor.

On this appeal, petitioner Department of Environmental Protection (DEP) contends that the Commission impermissibly substituted its own assessment of the credibility of the witnesses for that of the Administrative Law Judge, thereby violating its mandate to determine the administrative appeal on the basis of the record (Civil Service Law § 76 [2]). The overriding issue, however, is the scope of judicial review of a determination of the Civil Service Commission which, by statute, is "final and conclusive, and not subject to further review in any court" (Civil Service Law § 76 [3]).

As we held in *Matter of Pauling v Smith* (46 AD2d 759), this statutory prohibition does not bar judicial review of an action of the Commission which is alleged to be purely arbitrary. The criterion for review is whether, as a matter of law, the determination was arbitrary (CPLR 7803 [3]) and not whether it was supported by substantial evidence (CPLR 7803 [4]). While the matter was therefore improperly transferred to this court pursuant to CPLR 7804 (g) *(see, e.g., Matter of Schechter v New York State Employees' Retirement Sys.*, 62 AD2d 543,

544, *affd* 46 NY2d 983), it may be decided without necessity of remand to Supreme Court *(Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174; *Matter of Pauling v Smith, supra,* at 760). Upon this record, it cannot be said, as a matter of law, that the determination of the Commission was arbitrary in view of the contradicting testimony given by Daly and the complaining witness *(Board of Commrs. v Nassau County Civ. Serv. Commn.,* 121 AD2d 494). Concur—Murphy, P. J., Ross and Rubin, JJ.

Rosenberger and Asch, JJ., dissent in a memorandum by Rosenberger, J., as follows: I would annul the determination of the Civil Service Commission and reinstate the determination of the Administrative Law Judge (ALJ) which found respondent Daly guilty of the charges brought against him and imposed the penalty of dismissal.

It is undisputed that the resolution of the issues in this matter hinges on the credibility of the witnesses who testified at the hearing before the ALJ. By setting aside the determination of the Commissioner of the Department of Environmental Protection (DEP) which adopted the findings of the ALJ, the Civil Service Commission improperly substituted its own judgment regarding the credibility of the witnesses for that of the ALJ. Its determination was, therefore, arbitrary and capricious and constituted an abuse of discretion. "It is basic that the decision by an Administrative Hearing Officer to credit the testimony of a given witness is largely unreviewable by the courts, who are disadvantaged in such matters because their review is confined to a lifeless record. The Hearing Officer before whom the witnesses appeared, on the other hand, was able to perceive the inflections, the pauses, the glances and gestures—all the nuances of speech and manner that combine to form an impression of either candor or deception. * * * '[W]here there is a conflict in the testimony produced * * * where reasonable men might differ as to whether the testimony of one witness should be accepted or the testimony of another rejected, where from the evidence either of two conflicting inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists' *(Matter of Stork Rest. v Boland,* 282 NY 256, 257, quoted in *Matter of Collins v Codd,* 38 NY2d 269, 270-271)" *(Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444).

This case involves Jerome Gibbs, a black man who had been

thrown into the river by white co-workers. Respondent Daly later in the day threatened Gibbs and punched him in the stomach in an effort to force him to drop charges against the co-workers involved in the earlier incident. The ability to perceive "the inflections, the pauses, the glances and gestures" of the witnesses was crucial to the resolution of their credibility *(Matter of Berenhaus v Ward, supra,* at 443). The Civil Service Commission, in its decision, conceded that since it was not present at the hearing, it could not know whether Mr. Gibbs' demeanor while testifying was that of a person who feared retaliation. While conceding this point, the Commission determined that his testimony was inconsistent and evasive in direct contravention of the finding of the ALJ who, after observing Mr. Gibbs' demeanor as well as that of Mr. Daly and the other witnesses, concluded that Mr. Gibbs' testimony was consistent, plausible, convincing, sincere and straightforward. The Commission nonetheless concluded that "the issue of credibility is at best a draw", and therefore resolved the issue in favor of Mr. Daly.

The Civil Service Commission only has the authority to serve as an appeals board (Civil Service Law § 76) and in that capacity, must review the record as an appellate court, deferring to the administrative agency's resolution of credibility issues. In its role as an appellate tribunal, the Commission is precluded from weighing the evidence or rejecting " 'the choice made by [the agency] where the evidence is conflicting and room for choice exists' " *(Matter of Berenhaus v Ward, supra,* at 444). The Commission, conceding that the credibility of petitioner and Daly was a "draw", thereby admitted that " 'room for choice exist[ed]' ". It therefore improperly rejected the credibility determination made by the agency.

The Civil Service Commission hears and decides appeals in disciplinary matters (Civil Service Law § 76; *Matter of City of New York v City Civ. Serv. Commn.,* 60 NY2d 436, 442, *rearg denied* 61 NY2d 759). The Commissioner of DEP, on the other hand, has the power, duty and responsibility for managing the agency (New York City Charter § 814). The DEP, rather than the Civil Service Commission, has both policy-making authority and functional responsibility for matters within its own department *(Matter of City of New York v City Civ. Serv. Commn., supra,* at 442).

The Court of Appeals has indicated that "there exists a practical, but nonetheless compelling, reason for courts to exercise restraint before intervening into matters involving internal discipline for * * * '[i]n such matters the administra-

tive official or agency is assumed to possess not only a special proficiency and experience which are not always to be found in the courts, but also an alertness to and a comprehension of the complexity and sensitiveness of·personnel administration in continuing intraorganizational relationships'. *(Matter of Ahsaf v Nyquist,* 37 NY2d 182, 184-185.)" *(Matter of Purdy v Kreisberg,* 47 NY2d 354, 360.) Since the Civil Service Commission was sitting as an appellate board, it abused its discretion in intervening into this disciplinary matter to resolve issues of credibility instead of deferring to DEP's expertise. Based on the record before it, the Civil Service Commission's determination setting aside the determination of the ALJ was "purely arbitrary" *(cf., Matter of Board of Educ. v Cappola,* 83 AD2d 751, *lv denied* 54 NY2d 611; *Matter of City Council v Carbone,* 54 AD2d 461).