■ In the Matter of TOWN OF WATERTOWN, WATER DISTRICT No. 2, Respondent, v STATE OF NEW YORK DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Appellants.—Mercure, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered January 25, 1991 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent Department of Environmental Conservation to set the water rates to be charged to petitioner by respondent City of Watertown.

In 1971, the Town of Watertown in Jefferson County entered into a proposed agreement with respondent City of Watertown whereby the City was to provide water to petitioner, a special district serving the northwest portion of the Town, from the City's existing water source and supply system. Upon application of the Town, respondent Department of

Environmental Conservation (hereinafter DEC) approved the plan and issued a water supply permit. In November 1989, upon receiving notice of a possible 100% increase in the price of water purchased from the City, petitioner submitted an application requesting DEC to adjudicate the rate which the City was to charge it for water. In June 1990, DEC rejected the request, determining that it lacked jurisdiction over the matter or, alternatively, the obligation to intervene. Subsequently, the City imposed a 23% rate increase. Petitioner brought this CPLR article 78 proceeding to compel DEC to adjudicate the water rate and annul the City's rate increase. Supreme Court granted the petition, and DEC and the City appeal.

We agree with DEC that Supreme Court lacked authority to compel it to adjudicate the water rates to be charged petitioner and, accordingly, reverse. The extraordinary remedy of mandamus is available only where the right to relief is clear (*see, Klostermann v Cuomo,* 61 NY2d 525, 537; *Matter of Kupersmith v Public Health Council,* 101 AD2d 918, 919, *affd* 63 NY2d 904) and is inappropriate where the decision to act is discretionary (*see, Klostermann v Cuomo, supra,* at 539). Here, the statutory provisions relied upon by petitioner do not clearly require DEC to adjudicate petitioner's water rates. By its express language, ECL 15-1521 applies only when there is pending an "application for a new or additional water supply or source of water supply". Even then, DEC's rate-setting authority is limited to cases where it has compelled the applicant to supply water to a specified taker (*see,* ECL 15-1521). DEC's interpretation of ECL 15-1521, as imposing no duty upon it to adjudicate rates in cases, as here, where the supplier and taker entered into a voluntary water supply agreement, is by no means irrational, unreasonable or inconsistent with the statute (*see, Appelbaum v Deutsch,* 66 NY2d 975, 977). Inasmuch as DEC is the agency charged with enforcement of the Environmental Conservation Law, its interpretation is entitled to deference and will be upheld (*see, Matter of Salvati v Eimicke,* 72 NY2d 784, 791). The provisions of ECL 15-1503 (2) and (3), which set forth the criteria to be applied in granting or denying a permit and fixing conditions, do not expressly or impliedly compel DEC to adjudicate water rates (*see,* 1949 Ops Atty Gen 126).

Finally, we reject the contention that the rates which the City charges petitioner for water are arbitrary, unfair, unreasonable or discriminatory. A water supplier may properly distinguish between users based upon usage and cost of deliv-

ery so long as rates are uniform for all members of a class *(see,* General Municipal Law § 94; *Town Bd. v City of Poughkeepsie,* 22 AD2d 270, 273). We find no competent evidentiary support in the record for the claim that petitioner is charged a higher rate than other users outside the City. For the foregoing reasons, the petition should have been dismissed.

Weiss, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and petition dismissed.