OPINION OF THE COURT
Michael W. Duskas, J.
Plaintiff is a general partnership which owns and operates the St. Lawrence Center Mall located in the Town of Massena, St. Lawrence County, New York. The title to the realty upon which the mall is constructed is actually with the St. Lawrence County Industrial Development Agency (SLCIDA) which has leased back the property to the Heritage Company of Massena (Heritage) pursuant to a long-term lease-purchase agreement funded by industrial revenue bonds.
In June of 1989, the Village of Massena (Massena), SLCIDA, and Heritage entered into a "water and sewer agreement” by which Massena agreed to extend water and sewer service to the mall and Heritage agreed to pay for the water and sewer facilities by a user fee based upon actual usage and an amount computed by taking 25% of assessed valuation of the property and improvements and multiplying that amount by the current tax rates of Massena. The product of this formula provides the amount charged for water service and a like amount is separately charged for sewer services. In a separate contract, Heritage has agreed to pay Massena annual maintenance charges to maintain certain water and sewer facilities located on its property.
This method of computing water and sewer rates is identical to that used to determine rates for all commercial customers outside Massena’s limits.
Heritage’s mall upon completion became the highest assessed commercial property outside Massena receiving water and sewer services.
This action was commenced in August of 1991, and seeks a declaratory judgment that Massena’s charges to Heritage for water and sewer services are violative of section 94 of the General Municipal Law, which permits a village water and sewer system to receive a "fair return” on its facilities; that Massena’s percentage of assessment formula as applied to Heritage violates its right to equal protection of the laws in *589 that it must pay a higher proportionate share of Massena’s water and sewer budget than any other user located outside Massena; that Massena’s percentage of assessment formula bears no rational relation to the costs associated with providing water and sewer service to the plaintiff; and finally, that the percentage of assessment formula constitutes unjust enrichment.
By notice of motion dated September 10, 1991, Massena moved the court for an order dismissing the complaint upon the grounds that a necessary party, that is, SLCIDA, is not included, that the complaint fails to state a cause of action, or in the alternative, for an extension of time to answer the complaint.
By notice of cross motion dated October 23, 1991, Heritage seeks an order permitting it to amend its complaint to name SLCIDA as a defendant, granting summary judgment on behalf of the plaintiff, and dismissing Massena’s motion to dismiss.
At the outset, it should be noted that neither party alleges any fraud, duress, or mistake in the execution of the contract which calls for Massena to provide water and sewer services and Heritage to make payment for those services, nor is there any dispute that the formula used to determine Heritage’s rates differs from that used for all other commercial users outside Massena’s limits.
"A water supplier may properly distinguish between users based upon usage and cost of delivery so long as rates are uniform for all members of a class (see, General Municipal Law § 94; Town Bd. v City of Poughkeepsie, 22 AD2d 270, 273).” (Town of Watertown, Water Dist. No. 2 v State of New York Dept. of Envtl. Conservation, 176 AD2d 1166, 1167-1168.)
The fact that Heritage’s assessment far exceeds those of other commercial users does not violate Heritage’s rights to equal protection of the law, nor does it establish an irrational relation to Massena’s cost associated with providing water and sewer. The Court of Appeals has previously found that sewer and water rates based upon assessed valuation, combined with bases that charge for actual usage, has a rational basis and in fact may be more appropriate than an exclusively use-based rate. (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52 [1978].)
The principle question before the court on this motion is *590 whether or not Heritage has established that the rates being charged violate General Municipal Law § 94 in that Massena will receive more than a "fair return” on the value of the property used and useful in its water and sewer service, over and above costs of operation and necessary and proper reserves.
Section 94 of the General Municipal Law states: "Any municipal corporation operating a gas, electric or water public utility service may earn from and out of such operation an amount equivalent to taxes which the said service, if privately owned, would pay to such municipal corporation; and, in addition, such municipal corporation may earn from and out of such operation a fair return on the value of the property used and useful in such public utility service, over and above costs of operation and necessary and proper reserves. Profits resulting from the operation of such a public utility service may be used for the payment of expenses or obligations incurred by such municipal corporation for municipal purposes or for the payment of refunds to consumers”.
Section 94 was passed to implement a 1938 amendment to the State Constitution which was enacted in response to a Court of Appeals decision in Matter of Village of Boonville v Maltbie (272 NY 40 [1936]), which held that the Public Service Commission could not prohibit a municipality from earning a reasonable profit in the operation of a public utility. Heritage argues that section 94, in addition to providing a municipality with the ability to earn a profit, must also be read as placing a ceiling on those profits by showing that the rate that is being charged will produce more than a "fair return” to Massena.
Plaintiff’s complaint, together with the evidence submitted in support of the motion for summary judgment, is based entirely upon an analysis of the rates being charged Heritage and the rates charged for all Massena residents. It alleges that the total charge during tax year 1991-1992 to Heritage will represent some 11% of the entire water and sewer budget of Massena. Its entire argument rests upon the fact that Heritage is being required to pay a far greater share of the total water and sewer budget of Massena than any other user.
There has been no proof offered by Heritage comparing the profits made by Massena’s water and sewer system to the total value of the property used and useful in such service, over and above the cost of operation and necessary proper reserves. It is obvious that the question of whether or not Massena receives *591 a "fair return” on its entire operation cannot be determined by simply analyzing the rates charged to a single consumer or class of consumers.
As has been stated in an opinion of the State Comptroller: "It is well established that a municipality in selling water to non-residents acts in its proprietary capacity and not in its governmental capacity. In performing such a proprietary function, the municipality has the powers, capabilities and liabilities of a private corporation (Fraccola v. City of Utica Board of Water Supply, 70 AD2d 768, 417 NYS2d 357). Thus, the sale of water to outside users is essentially in the nature of a contractual transaction and, subject to any statutes or legal principles applicable to the operation of a public utility by a municipal corporation, the terms and conditions of the sale are matters, in the first instance, to be determined by the contracting parties.” (1986 Opns St Comp No. 86-33.)
A municipal sewer and water system is under no obligation to extend its services to those outside its jurisdiction and is given broad authority to fix prices and conditions when doing so by Village Law § 11-1120. It follows that Massena may enter into a contract to provide services which may very well provide a rate of return which would permit the reduction of rates charged to village residents, and thus, reduce the overall profit that the system might earn.
The court has determined that Heritage failed to establish that it would be entitled as a matter of law to a declaration that Massena is receiving more than a "fair return” on its investment by virtue of the rates being charged Heritage for water and sewer usage. The court has also determined that Heritage has failed to establish that the rates being charged are arbitrary, capricious, or such that plaintiff is being denied equal protection of law, or that the village will be unjustly enriched.
It is, therefore, the conclusion of this court that Heritage has failed to state a prima facie case, and its complaint should be dismissed, and that based upon this decision, the remaining issues before the court are moot.