■ HERITAGE COMPANY OF MASSENA, Appellant, v VILLAGE OF MASSENA, Respondent. [597 NYS2d 214] —Harvey, J. Appeal from an order of the Supreme Court (Duskas, J.), entered April 1, 1992 in St. Lawrence County, which, *inter alia,* granted defendant's motion to dismiss the complaint for failure to state a cause of action.

Plaintiff is a general partnership which owns and operates the 550,000 square-foot St. Lawrence Center Mall located in the Town of Massena, St. Lawrence County. Title to the realty upon which the mall is constructed is actually in the St. Lawrence County Industrial Development Agency (hereinafter SLCIDA) which has leased the property to plaintiff pursuant to a long-term agreement. In June 1989, plaintiff, SLCIDA and defendant entered into a "water and sewer agreement" by which defendant agreed to extend water and sewer services to the mall and plaintiff agreed to pay for said services by way of a user fee. This user fee was based upon actual usage and an amount computed by taking 25% of the assessed valuation of the property and improvements and multiplying that amount by the current tax rates of defendant. This formula provides the amount charged for both water and sewer services. In a separate contract, plaintiff also agreed to pay defendant annual charges to maintain certain water and sewer facilities located on its property. That method of computing water and sewer rates is identical to that used to establish rates for all commercial customers outside defendant's limits.

In August 1991, plaintiff, whose mall was the highest assessed commercial property receiving water and sewer services outside of defendant's geographic boundaries, commenced this action seeking a judgment declaring, *inter alia,*

that defendant's charges to plaintiff for these services are violative of General Municipal Law § 94, which permits a village water and sewer system to receive a "fair return" on its facilities. Defendant moved to dismiss the complaint for failure to state a cause of action and plaintiff cross-moved for summary judgment. Supreme Court granted defendant's motion and this appeal by plaintiff followed.

The complaint was properly dismissed. We agree with Supreme Court that plaintiff failed to sufficiently set forth a viable claim that defendant violated General Municipal Law § 94. Plaintiff's papers in the record and its brief focus largely on comparing the price it pays for water and sewer services to the rates paid by other residents located outside of defendant's boundaries. Plaintiff points out that it pays more than other outside users and argues that the allegedly excessive amounts it pays somehow must result in defendant receiving more than a "fair return" for its services (see, General Municipal Law § 94). However, there is no dispute that plaintiff is the highest assessed commercial property outside of defendant's boundaries. The bare fact that plaintiff pays more than other nonresidents is completely irrelevant to any claim that defendant is receiving more than a fair return. As a nonresident, plaintiff does not pay taxes to defendant and was not entitled to either water or sewer services from defendant. It is apparent from the record that plaintiff approached defendant for these services after learning that the cost of creating its own facilities for such a purpose would be prohibitive. Defendant has authority, in its proprietary role, to contract for provision of water and sewer services outside its limits (see, *Fraccola v City of Utica Bd. of Water Supply*, 70 AD2d 768, 769). Significantly, there is no allegation that there was any fraud or mistake in the contract plaintiff entered into with defendant to provide the subject services. Nor is there any dispute that the formula used to determine plaintiff's rates is the same as that used for all other commercial users outside of defendant's boundaries. "A water supplier may properly distinguish between users based upon usage and cost of delivery so long as rates are uniform for all members of a class" *(Matter of Town of Watertown, Water Dist. No. 2 v State of N. Y. Dept. of Envtl. Conservation*, 176 AD2d 1166, 1167-1168 [citations omitted]).

Because comparing plaintiff's rates to those of defendant's other nonresidents is really the only factual allegation that plaintiff makes, it is apparent that this lawsuit alleging a violation of General Municipal Law § 94 is nothing more than a thinly veiled attempt to evade what is otherwise a facially

valid bargain with defendant. The only other conceivable challenge that may be gleaned from these papers is plaintiff's dissatisfaction concerning the amount of its assessment, an issue not properly before us in this action. There is nothing in plaintiff's papers to indicate that the decision to use a percentage of assessment formula and charge nonresidents a different rate than residents is purely arbitrary (see, Town Bd. v City of Poughkeepsie, 22 AD2d 270, 273). Nowhere does plaintiff allege that defendant was earning more than a "fair return" based upon a comparison of the profits made by its water and sewer system to "the value of the property used and useful in such public utility service, over and above costs of operation and necessary and proper reserves" (General Municipal Law § 94). The bare fact that revenues from plaintiff make up a recognizable portion of defendant's water and sewer budget is not dispositive in and of itself, in light of the provision in General Municipal Law § 94 that "[p]rofits resulting from the operation of such a public utility service may be used for the payment of expenses or obligations incurred by such municipal corporation for municipal purposes or for the payment of refunds to consumers". Absent allegations sufficient to support even the most minimal of claims, Supreme Court's order must be affirmed.

Mikoll, J. P., Levine, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs. [See, 151 Misc 2d 587.]