■ TOWN BOARD OF TOWN OF NEW CASTLE, Respondent-Appellant, v ROBERT F. MEEHAN et al., Appellants-Respondents. [642 NYS2d 42] —In an action to recover damages, *inter alia*, for breach of contract, the defendants appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Coppola, J.), dated February 10, 1995, as (1) granted the branches of the plaintiff's motion which were for summary judgment on its causes of action to recover actual and minimum water consumption charges for 1993 and 1994 and dismissed their first, second, and fourth counterclaims and affirmative defenses, and (2) denied their cross motion for summary judgment dismissing the complaint except for granting summary judgment on their fifth affirmative defense dismissing the plaintiff's causes of action to recover certain minimum consumption charges as time barred under Town Law § 65 (3), and the plaintiff cross-appeals from so much of the same order and judgment as granted the branch of the defendants' motion which was for summary judgment on their fifth affirmative defense.

Ordered that the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly granted the branches of the plaintiff's motion which were for summary judgment on its causes of action to recover actual and minimum water consumption charge for 1993 and 1994 inasmuch as the plaintiff demonstrated that no triable issues of fact existed (see, *Zuckerman v City of New York*, 49 NY2d 557). The court correctly determined that the increased water rates charged by

the plaintiff to the defendant water districts did not breach the water supply contracts entered into by the parties (see, *W.W.W. Assocs. v Giancontieri,* 77 NY2d 157; *Heritage Co. v Village of Massena,* 192 AD2d 1039; *Matter of Town of Watertown, Water Dist. No. 2 v State of N. Y. Dept. of Envtl. Conservation,* 176 AD2d 1166; *Stepping Stones Assocs. v City of White Plains,* 100 AD2d 619; *Town Bd.. v City of Poughkeepsie,* 22 AD2d 270; Town Law § 198 [3] [b], [d]).

In addition, we discern no error in the court's conclusion that the plaintiff's causes of action to recover unpaid minimum consumption rates for the years 1990 through 1992 were time barred under Town Law § 65 (3) due to the plaintiff's failure to file notices of claim against the defendants within six months of the date on which its right to make the demand for payment had accrued (see, CPLR 206 [a]; *Parker v Town of Clarkstown,* 217 AD2d 607; *Franza's Universal Scrap Metal v Town of Islip,* 89 AD2d 843; *State of New York v City of Binghamton,* 72 AD2d 870).

The parties' remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.