■ GENERAL SIGNAL CORPORATION, Appellant, v CITY OF WATERTOWN et al., Respondents. [678 NYS2d 201] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Plaintiff commenced this action challenging Local Laws, 1995 No. 2 of defendant City of Watertown (City). The enactment amended chapter 198 of the Watertown

City Code by adding paragraph 51 (B), which establishes fees for the discharge of leachate into the City's sewer system. Prior to the amendment, the sewer fees charged for the discharge of leachate were the same as the fees charged for the discharge of other types of industrial waste. In its complaint, plaintiff seeks judgment declaring that Local Law No. 2 of 1995 is unconstitutional, unreasonable and void, and directing the refund of fees paid for the disposal of leachate under it. Supreme Court denied plaintiff's motion for summary judgment and, upon searching the record, awarded summary judgment to defendants dismissing the complaint (*see,* CPLR 3212 [b]; *Amore Partners v Mephisto, Inc.,* 222 AD2d 473, 474).

The court properly rejected plaintiff's contention that the City failed to comply with General Municipal Law § 452 (5) in enacting Local Law No. 2 of 1995. The record fails to support plaintiff's further contention that the City established the fees for leachate disposal in violation of General Municipal Law § 94. The fact that the fee for leachate disposal is higher than the fee for the disposal of other types of industrial waste does not support plaintiff's allegation that the City is receiving more than a fair return for its services (*see, Heritage Co. v Village of Massena,* 192 AD2d 1039, 1040; *see also, Matter of Town of Watertown, Water Dist. No. 2 v State of N. Y. Dept. of Envtl. Conservation,* 176 AD2d 1166, 1167-1168; *Town Bd. v City of Poughkeepsie,* 22 AD2d 270, 272-273). The court properly determined that the distinction between the fees charged for the disposal of leachate and other types of industrial waste has a rational basis (*see, Matter of Hull v Town of Warrensburg,* 207 AD2d 37, 40; *Arcuri v Village of Remsen,* 202 AD2d 991, 992-993) and that plaintiff's constitutional challenge to Local Law No. 2 of 1995 is lacking in merit (*see, Stepping Stones Assocs. v City of White Plains,* 100 AD2d 619, 620, *affd* 64 NY2d 690, *cert denied* 471 US 1066).

Although the court properly disposed of the merits of plaintiff's action, it erred in dismissing the complaint and in failing to declare the rights of the parties. "[W]hen a court resolves the merits of a declaratory judgment action against the plaintiff, the proper course is not to dismiss the complaint, but rather to issue a declaration in favor of the defendants" (*Maurizzio v Lumbermens Mut. Cas. Co.,* 73 NY2d 951, 954; *see, Pless v Town of Royalton,* 185 AD2d 659, 660, *affd* 81 NY2d 1047). We therefore modify the judgment by reinstating the complaint and granting judgment in favor of defendants declaring that Local Law No. 2 of 1995 is not unconstitutional, unreasonable or void. (Appeal from Judgment of Supreme Court,

Jefferson County, Gilbert, J.—Summary Judgment.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Boehm, JJ.