■ In the Matter of NICOLA CAIOLA, Appellant, v TOWN OF OSSINING et al., Respondents. [707 NYS2d 200] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Ossining, dated September 8, 1998, denying the petitioner's application for access to the Town of Ossining sewer system, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered April 13, 1999, which denied his petition, granted the cross petition to dismiss the proceeding, and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In January 1992, the Planning Board of the Town of Cortlandt conditioned its approval of the petitioner's plan to subdivide his property into 43 lots on, *inter alia*, the petitioner's ability to hook up to a sewer system in a neighboring municipality. In November 1991, the Town Supervisor of the neighboring Town of Ossining (hereinafter the Town), advised that any proposal to connect the petitioner's subdivision to the Town's sewer system would be subject to the review, determination, and discretion of the Town Board of the Town. The petitioner obtained from other governmental entities the necessary agreements and approvals for his development, including, on December 22, 1997, an agreement from the Westchester County Board of Legislators to include his property in the Westchester County Ossining Sanitary Sewer District. However, an agreement with the Town to access its sewer system, which the petitioner contended was a necessary conduit to the County's sewage treatment plant, was not forthcoming.

On September 8, 1998, the Ossining Town Board voted against a resolution that would have allowed the petitioner to connect his property to the Town's sewer system. Thereafter, the Supreme Court, Westchester County, denied the instant petition, *inter alia*, to direct the Town to grant the petitioner access to its sewer system, and dismissed the proceeding. We affirm.

The Town, in its proprietary role, may contract to provide sewer services to property outside of its limits at its own discretion (*see, Fraccola v City of Utica Bd. of Water Supply*, 70 AD2d 768). As a nonresident of the Town, the petitioner is not entitled to its sewer services, and he can rely only on the Town's discretion for access to its sewer system (*see, Heritage Co. v Village of Massena*, 192 AD2d 1039; *cf., Kraizberg v Shan-*

*key,* 167 AD2d 370). Furthermore, there is no foundation for the petitioner's contention that he relied detrimentally on the alleged lack of objections from the Town in the six years that passed between the Town of Cortlandt's conditional approval of his subdivision and the vote of the Ossining Town Board to deny him access to the sewer system. *Matter of Svenningsen v Passidomo* (62 NY2d 967), relied on by the petitioner, is distinguishable because the property therein, unlike the instant property, was partly within the town that denied access to its sewer system.

The petitioner's remaining contentions are without merit. Ritter, J. P., Joy, S. Miller and H. Miller, JJ., concur.