OPINION OF THE COURT
Patrick J. Barton, J.
In this criminal action, the defendant is charged with two counts of violating Babylon Town Code §§ 213-398 and 213-397, respectively. The defendant now moves to dismiss both *890 charges. The defendant claims that count 1 of the information charging a violation of section 213-398 is insufficient. Further, he claims that count 2 must be dismissed because the statute defining the offense, Babylon Town Code § 213-397, is unconstitutional. (See, CPL 170.35 [1] [a], [c].)
The People offer no opposition to the dismissal of count 1. Section 213-398 requires a permit for signs in business and industrial districts and the information fails to allege that the property owned by the defendant is located in a business or industrial district. The defendant and the People acknowledge that the property owned by the defendant containing a freestanding sign is located in a residential zone. Therefore, the motion to dismiss count 1 of the information for insufficiency is granted.
The defendant is the owner of residential premises and has a free-standing sign on the lawn, in front of his house, which states: “stop police harassment & brutality in Suffolk county, children & teens have rights too!” Babylon Town Code § 213-397 states that no sign shall be erected in any residential district with five exceptions. These are: (a) aviation signs; (b) professional name plate; (c) signs in connection with the sale, rental, construction or improvement of the premises; (d) house numbers and nameplates; (e) signs containing cautionary messages such as “Beware of Dog,” “No Trespassing” or “No Peddlers.” The defendant claims that this statute is unconstitutional because it violates his First Amendment right to express his political message by a sign on his property.
There is a strong presumption that an ordinance is constitutional and unconstitutionality must be demonstrated beyond a reasonable doubt. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 150; Stepping Stones Assocs. v City of White Plains, 100 AD2d 619, affd 64 NY2d 690.) In addition, the court will consider Babylon Town Code §§ 213-409 and 213-386 as part of the same statutory scheme to regulate signs in this zoning ordinance. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 98; Matter of Lower Manhattan Loft Tenants v New York City Loft Bd., 66 NY2d 298.) Babylon Town Code § 213-409 provides for a permit system of temporary signs, erected for 30 days. The prosecution has submitted a number of applications, for the temporary sign permits indicating that political messages are customarily displayed by this procedure. Babylon Town Code § 213-386 states the legislative purpose of the sign ordinances of the Town of Babylon, i.e., the public health, safety and welfare. Specifically, the Town is trying to promote aes *891 thetic values and to promote traffic safety by avoiding visual distractions, physical obstructions and mistakes or confusion with authorized traffic signs.
In Metromedia, Inc. v City of San Diego (453 US 490), the Court stated that government may properly limit the noncommunicative qualities of signs to promote the legitimate government aims of aesthetics and traffic safety. These time, place and manner restrictions on speech must not be based upon the content of the speech. (See, Heffron v International Socy. for Krishna Consciousness, 452 US 640.) The statutes must be narrowly tailored, so that the predominant effect is to limit the secondary results of the speech. (See, Matter of Town of Islip v Caviglia, 73 NY2d 544; Clark v Community for Creative NonViolence, 468 US 288.) After considering these criteria, this court finds that the defendant has not rebutted the strong presumption of constitutionality. The zoning ordinances contained in chapter 213, article XXXIII, specifically section 213-397, are narrowly tailored without regard to content, and accomplish legitimate governmental purposes.
Accordingly, this motion by defendant to dismiss count 1, violating Babylon Town Code § 213-198, based upon the insufficiency of the information is granted. (See, CPL 170.35 [1] [a].) Motion to dismiss count 2, violating Babylon Town Code § 213-197, based upon the ground that the statute defining the offense is unconstitutional is denied. (See, CPL 170.35 [1] [c].)