■ In the Matter of REAGANS MILL SEWER COMPANY, INC., Appellant, v TOWN BOARD OF TOWN OF DOVER et al., Respondents. [806 NYS2d 655]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Dover dated September 9, 2003, which, after a hearing, granted the rate-increase petition only to the extent of granting a 1.24% rate increase for sewage treatment services, the petitioner appeals from so much of a judgment of the Supreme Court, Westchester County (Adler, J.), entered September 27, 2004, as denied the petition, confirmed the determination, and dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The determination of the respondent Town Board of the Town of Dover (hereinafter the Town Board) to partially grant the rate-increase petition by approving only a 1.24% rate increase for sewage treatment services, was rational and was not arbitrary and capricious (see Matter of Bennett Rd. Sewer Co. v Town Bd. of Town of Camillus, 273 AD2d 902 [2000]; Matter of Heritage Hills Sewage Works Corp. v Town Bd. of Town of Somers, 245 AD2d 450 [1997]; see also Matter of Fuhst v Foley, 45 NY2d 441, 444 [1978]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232 [1974]; Matter of Pagnozzi v Planning Bd. of Vil. of Piermont, 292 AD2d 613 [2002]). The Town Board's determination provides for "fair, reasonable and adequate rates" (Transportation Corporation Law § 121) and, considered in its entirety, the determination is "just and reasonable" (Matter of Abrams v Public Serv. Commn. of State of N.Y., 104 AD2d 135, 137 [1984], affd 67 NY2d 205 [1986]; see Matter of Heritage Hills Sewage Works Corp. v Town Bd. of Town of Somers, supra; Matter of Kessel v Public Serv. Commn. of State of N.Y., 123 AD2d 203 [1987]) because it ensures the petitioner's financial integrity and ability to attract capital (see Matter of Abrams v Public Serv. Commn. of State of N.Y., supra at 137; see also FPC v Hope Natural Gas Co., 320 US 591 [1944]).

The petitioner's remaining contentions are without merit. Prudenti, P.J., S. Miller, Spolzino and Dillon, JJ., concur.