■ In the Matter of BOARD OF TRUSTEES OF INCORPORATED VILLAGE OF EAST WILLISTON, Petitioner, v BOARD OF TRUSTEES OF INCORPORATED VILLAGE OF WILLISTON PARK, Respondent. [990 NYS2d 236]—

Proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Incorporated Village of Williston Park dated August 6, 2012, which, after a hearing, inter alia, increased the water rate it charged to the petitioner.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

In this proceeding, the petitioner seeks to review a determination of the Board of Trustees of the Incorporated Village of Williston Park (hereinafter the Board) which, after a public hearing, amended the Code of the Village of Williston Park (hereinafter the Village Code) to, inter alia, increase the water rate it charged to the petitioner (see Local Law of Village of Wil-

liston Park No. 3-2012). The Supreme Court transferred the proceeding on the ground that the Board's determination involved an issue of "substantial evidence" (CPLR 7804 [g]; 7803 [3]).

The Supreme Court erred in characterizing the proceeding as one in the nature of certiorari in which the "substantial evidence" inquiry applied (CPLR 7804 [g]). Rate-making determinations may be considered "judicial in the sense that they are reviewable by certiorari or a proceeding in the nature of certiorari" where notice and a hearing are prescribed by statute (*Matter of Lakeland Water Dist. v Onondaga County Water Auth.*, 24 NY2d 400, 407 [1969] [internal quotation marks omitted]). However, "there are different types of hearings with different legal consequences" (*New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 203 n 2 [1994]). Here, the Village Code required the Board to conduct a hearing in advance of changing the rates it charged for water service, and the Board held a public hearing, as opposed to a quasi-judicial evidentiary hearing (*see* Code of Village of Williston Park § 225-20 [A]). As such, judicial review of the determination was limited to "whether the determination was affected by an error of law, or was arbitrary and capricious or an abuse of discretion, or was irrational" (*Matter of Tuccio v Central Pine Barrens Joint Planning & Policy Commn.*, 67 AD3d 689, 692 [2009] [internal quotation marks omitted]; *see New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d at 203 n 2; *Matter of Reagans Mill Sewer Co., Inc. v Town Bd. of Town of Dover*, 23 AD3d 563 [2005]). Accordingly, the matter should have been heard and determined by the Supreme Court (*see* CPLR 7804 [g]; *Matter of Holcomb v Williams*, 72 AD3d 687, 687-688 [2010]; *Seaview Assn. of Fire Is. v Department of Envtl. Conservation of State of N.Y.*, 123 AD2d 619, 619-620 [1986]; *Matter of Pauling v Smith*, 46 AD2d 759, 760 [1974]). Nevertheless, we will decide the case in the interest of judicial economy (*see Matter of Holcomb v Williams*, 72 AD3d at 688; *Seaview Assn. of Fire Is. v Department of Envtl. Conservation of State of N.Y.*, 123 AD2d at 620; *Matter of Pauling v Smith*, 46 AD2d at 760).

The Board's determination to increase rates was rational, and was not arbitrary and capricious or illegal. A municipal water supplier may charge a higher rate to customers outside its borders, including other municipalities, so long as the difference has a rational basis (*see Town Bd. of Town of Poughkeepsie v City of Poughkeepsie*, 22 AD2d 270, 271, 274 [1964]; 1981 Ops St Comp No. 81-330). Moreover, a municipal corporation operating a public water utility is entitled to earn a "fair return" on

its investment in the utility's facilities "over and above costs of operation and necessary and proper reserves" in addition to "an amount equivalent to taxes which [the utility], if privately owned, would pay to such municipal corporation" (General Municipal Law § 94; see NY Const, art IX, § 1 [f]). The actual rate the Board determined to charge also was rational (see *Heritage Co. of Massena v Village of Massena*, 192 AD2d 1039, 1041 [1993]; *Town Bd. of Town of Poughkeepsie v City of Poughkeepsie*, 22 AD2d at 273). In addition, the petitioner has not made any showing that the profits earned by the Incorporated Village of Williston Park under the new rate schedule, as compared to the "value of the property used and useful in such public utility service, over and above costs of operation and necessary and proper reserves," were in excess of a "fair return" (General Municipal Law § 94; see *Heritage Co. of Massena v Village of Massena*, 192 AD2d at 1041).

The petitioner's remaining contention is without merit. Skelos, J.P., Dillon, Maltese and Barros, JJ., concur.